1  DONN WASLIF, ESQ. [State Bar No. 164538]
   GRETCHEN E. DENT, ESQ. [State Bar No. 222184]
2  MORGAN, FRANICH, FREDKIN & MARSH
   99 Almaden Boulevard, Suite 1000
3  San Jose, California  95113-1613
   Telephone:(408) 288-8288
4  Facsimile:  (408) 288-8325

5  Attorneys for Defendant
   STEPHEN MANGELSEN

6

7

8              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
9

10
   FLUKE ELECTRONICS                NO. C0-8-01188 JW
11 CORPORATION, a Washington
   corporation,                     **NOTICE OF MOTION AND MOTION
12                                   FOR MORE DEFINITE STATEMENT
                Plaintff,           AND TO STRIKE SECOND CAUSE OF
13                                   ACTION (RULE 12(e), 12(f))**
   vs.
14                                   Date:     Monday, June 9, 2008
   STEPHEN MANGELSEN, a California   Time:     9:00 a.m.
15 resident,                        Room:     8, 4th Floor
                                    Judge:    Hon. James Ware
16              Defendant.

17

18     **TO PLAINTIFF, FLUKE ELECTRONICS CORPORATION, AND TO ITS**

19 **ATTORNEYS OF RECORD:**

20     **PLEASE TAKE NOTICE** that on Monday, June 9, 2008 at 9:00 a.m. or as soon

21 thereafter as the matter may be heard, before the Honorable James Ware, in Courtroom 8,

22 located on the 4th Floor, of the above captioned court, at 280 North First Street, San Jose,

23 California 95113, Defendant STEPHEN MANGELSEN will move for an order compelling

24 Plaintiff to make a more definite statement, to strike the Second Cause of Action of the

25 Complaint, and to strike the Prayer for attorneys' fees.

26     This motion is made on the grounds that the First Cause of Action is too vague and

27 ambiguous to allow Defendant to frame an appropriate response; that the Second Cause of

28 Action is surplusage; and that Plaintiff has pleaded neither contract nor statute entitling

1 | Plaintiff to recover attorneys' fees.  The motion is made pursuant to Federal Rule of Civil
2 | Procedure, Rules 12(e) and 12(f).
3 | This motion will be based on this Notice of Motion and Motion, the Memorandum of
4 | Points and Authorities filed herewith, and on such other oral and documentary evidence to be
5 | presented at the hearing.
6 | Dated:  April 28, 2008                          MORGAN, FRANICH, FREDKIN & MARSH

By _____
        GRETCHEN E. DENT
        Attorneys for Defendant
        STEPHEN MANGELSEN

1  DONN WASLIF, ESQ. [State Bar No. 164538]
   GRETCHEN E. DENT, ESQ. [State Bar No. 222184]
2  MORGAN, FRANICH, FREDKIN & MARSH
   99 Almaden Boulevard, Suite 1000
3  San Jose, California  95113-1613
   Telephone:(408) 288-8288
4  Facsimile:  (408) 288-8325

5  Attorneys for Defendant
   STEPHEN MANGELSEN

6

7

8                    UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
9

10

FLUKE ELECTRONICS                    NO. C0-8-01188 JW
11 CORPORATION, a Washington
   corporation,                      **POINTS AND AUTHORITIES IN**
12                                    **SUPPORT OF MOTION FOR MORE**
                                      **DEFINITE STATEMENT AND TO**
13              Plaintff,             **STRIKE SECOND CAUSE OF**
                                      **ACTION (RULE 12(e), 12(f))**
14 vs.

   STEPHEN MANGELSEN, a California    Date:     Monday, June 9, 2008
15 resident,                          Time:     9:00 a.m.
                                      Room:     8, 4th Floor
16              Defendant.            Judge:    Hon. James Ware

17

18                        **INTRODUCTION**

19        Defendant STEPHEN MANGELSEN brings this motion pursuant to Federal Rules of

20 Civil Procedure, Rule 12(e), on the grounds that Plaintiff FLUKE ELECTRONICS

21 CORPORATION's First Cause of Action for Breach of Contract is so vague and ambiguous

22 that Defendant cannot frame a responsive pleading.

23        Defendant also moves pursuant to Federal Rules of Civil Procedure, Rule 12(f) to strike

24 Plaintiff's Second Cause of Action for Declaratory Judgment on the grounds that the Second

25 Cause of Action is unnecessary and inappropriate, as the controversy between the parties can

26 be resolved by adjudication of Plaintiff's First Cause of Action for Breach of Contract.

27 Plaintiff's prayer for attorneys' fees should also be stricken, as Plaintiff has failed to allege any

28 basis for an award of such fees.

## THE PLEADING

Plaintiff's First Cause of Action alleges that the parties entered into a settlement agreement ("The Agreement") which required Defendant to pay a portion of the total settlement amount to Plaintiff. (Complaint, ¶12)   It is not alleged whether the contract was written or oral.

Plaintiff alleges that Defendant refused to pay his share of the settlement amount.  (¶14)  The total amount is not identified, only Defendant's alleged proportion.  The basis for calculating Defendant's proportion is not alleged.

Plaintiff alleges that Plaintiff performed all obligations owing under The Agreement.  (¶15) The Complaint does not identify what these obligations were or what consideration Defendant received from Plaintiff in exchange for Defendant's alleged promise to pay.

Plaintiff alleges that it has been damaged in the sum of $388,662.78 as a result of Defendant's alleged breach. (¶¶19-20) Plaintiff prays for general and consequential damages and attorneys' fees and costs.  (Prayer, ¶1(c))

Plaintiff's Second Cause of Action for Declaratory Relief alleges that there is a controversy between the parties as to whether Defendant was required to make a payment pursuant to The Agreement.  (¶25)  Plaintiff requests that the Court declare the rights and responsibilities of the parties under The Agreement.   (Prayer, ¶3)

## ARGUMENT

### 1.    Plaintiff's First Cause Of Action Is Too Vague And Ambiguous To Permit Defendant To Frame A Response

Federal Rules of Civil Procedure, Rule 12(e) provides that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

A 12(e) motion is appropriate where the defendant cannot ascertain the nature of the claim being stated. *Wood v. Apodaca* (N.D. Cal., 2005) 375 F.Supp.2d 942, 949-50 (holding the complaint so vague as to time that defendant could not ascertain the timeliness of the claims).

Plaintiff's First Cause of Action is vague and ambiguous as to the terms of The

Agreement which is sought to be enforced, in the following respects:

- The complaint fails to allege whether The Agreement is written or oral. (¶¶2, 11-12)    Defendant is unable to frame an appropriate response without knowledge as to whether the contract is written or oral.

- Plaintiff neither attaches the text of The Agreement nor sets forth its material terms. The only term alleged is that Defendant was to pay to Plaintiff 5.91963% of the total settlement amount, which is not identified. (¶12)    Absent some allegation of the material terms of The Agreement, or a copy of The Agreement itself (if written, which is by no means made clear by the Complaint), Defendant cannot frame a proper response.

In addition to the foregoing issues, which render Defendant unable to frame an intelligible response, the Complaint suffers from the following lack of material details:

- The Complaint does not identify the consideration received by Defendant in exchange for this alleged agreement. Plaintiff alleges that Defendant received "three million dollars" in exchange for his shares of stock, but Plaintiff's allegation at ¶9 makes it clear that the $3 million was received by Defendant pursuant to a separate Merger Agreement, not through the settlement agreement that Plaintiffs are seeking to enforce.  Plaintiff alleges that Defendant received "other consideration" for the settlement, but does not identify what that other consideration might be. (¶16)

- Plaintiff alleges that it performed its obligations under The Agreement, but does not identify what those obligations were. (¶15)

Because Plaintiff's First Cause of Action is too vague and ambiguous as to the terms of the contract which is sought to be enforced, and Defendant is unable to frame an appropriate response, Defendant's motion for a more definite statement should be granted.

**2.    Plaintiff's Second Cause of Action for Declaratory Relief Should Be Stricken As Unnecessary**

Under Federal Rule of Civil Procedure, Rule 12(f), "[u]pon motion made by a party

1   before responding to a pleading ... the court may order stricken from any pleading any

2   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

3   Plaintiff's Second Cause of Action is redundant and should be stricken.

4        Plaintiff's Second Cause of Action invokes the Declaratory Judgment Act, 28 U.S.C.A.

5   §2201, in seeking a declaration of the parties' rights and responsibilities *vis-a-vis* The

6   Agreement.  The Act provides that:

7        In a case of actual controversy within its jurisdiction, . . . any court of the United
         States, upon the filing of an appropriate pleading, may declare the rights and
8        other legal relations of any interested party seeking such declaration, whether
         or not further relief is or could be sought. Any such declaration shall have the
9        force and effect of a final judgment or decree and shall be reviewable as such.

10  28 U.S.C.A. §2201(a).    Courts interpreting the Act have made it clear that the Act was

11  intended to adjudicate controversies, including parties' contractual rights, *before actual harm*

12  *has occurred.*  "The purpose of the Declaratory Judgment Act is to afford an added remedy

13  to one who is uncertain of his rights and who desires an early adjudication thereof without

14  having to wait until his adversary should decide to bring suit, and to act at his peril in the

15  interim."   *Shell Oil Co. v. Frusetta* (9th Cir. 1961) 290 F.2d 689, 692.

16        The Ninth Circuit has identified "two criteria for determining whether declaratory relief

17  is appropriate in a given case:(1) when the judgment will serve a useful purpose in clarifying

18  and settling the legal relations in issue, and (2) where it will terminate and afford relief from

19  the uncertainty, insecurity, and controversy giving rise to the proceeding."   *Central Montana*

20  *Elec. Power Co-Op, Inc. v. Administrator of Bonneville Power Admin.* (9th Cir. 1988) 840

21  F.2d 1472, 1475, fn. 1.  In the case at bar, the requested declaratory relief serves neither

22  purpose; absent a ruling on Plaintiff's First Cause of Action for breach of contract, a

23  declaratory judgment of the parties' rights will not terminate and afford relief from the

24  "controversy" – Defendant's alleged breach of contract – giving rise to this action.   Plaintiff

25  will or will not obtain its desired relief through its breach of contract claim, not the declaratory

26  relief claim.

27        "When declaratory relief and another remedy are substantially similar, the court may

28  exercise its discretion to dismiss the declaratory judgment claim." *The Pantry, Inc. v. Stop-N-*

*Go Foods, Inc.* (SD Ind. 1991) 777 F.Supp.713, 717. Like Plaintiff in the case at bar, in *The Pantry*, the plaintiff brought causes of action for breach of contract and declaratory relief, seeking monetary damages under the former and a declaration of the parties' rights and obligations on the contract in the latter. The court held that "Plaintiff may prove its damages as in any other breach of contract action . . . . Determination of the breach of contract claim will sufficiently and effectively resolve the issues presented in this matter. *Id.* at 718. Citing *Newton v. State Farm Fire & Casualty Co.* (E.D. Va. 1991) 138 F.R.D. 76, *The Pantry* court noted that allowing a superfluous declaratory relief claim to "linger" was "unnecessary, would not promote judicial economy, would confuse the issues at trial and promote piecemeal consideration of the issues." 777 F.Supp. at 718. Thus, the declaratory relief claim was "inappropriately raised" because the plaintiff would be fully compensated if it prevailed on the breach of contract claim.

California courts follow the same reasoning. "[E]ven where jurisdiction to render a declaratory judgment exists, a court may, in the exercise of its sound discretion, refuse to render the decision sought if it is unnecessary to a practical solution of the controversy." *Architectural Models, Inc. v. Neklason* (D.C. Cal. 1967) 264 F.Supp.312, 318. Plaintiff's Second Cause of Action is not necessary and in itself will not solve the underlying controversy between the parties. Defendant's motion to strike the Second Cause of Action should be granted.

### 3. Plaintiff's Prayer for Attorneys' Fees Should Be Stricken

At paragraph 21 of the body of the Complaint, and at paragraph 1(c) of the Prayer for Relief, Plaintiff alleges that it has incurred attorneys' fees, and prays for attorneys' fees, respectively. A motion to strike may be directed at the prayer for relief where the damages sought are not recoverable as a matter of law. *Bureeron v. Uvawas* (C.D. Cal. 1996) 922 F.Supp. 1450, 1479, fn. 34; *Wilkinson v. Butler* (E.D. Cal. 2005) 229 FRD 166, 172. Plaintiff has not alleged any contractual or statutory basis for an award of attorneys' fees in this matter. Plaintiff's prayer for attorneys' fees should be stricken, as Plaintiff has failed to allege any facts which would entitle Plaintiff to recover attorneys' fees.

1

**CONCLUSION**

2          For all of the foregoing reasons, Defendant's motion for a more definite statement as

3   to the First Cause of Action, and to strike the Second Cause of Action and Paragraph 3 of

4   Plaintiff's Prayer For Relief, should be granted.

5   Dated:  April 28, 2008              MORGAN, FRANICH, FREDKIN & MARSH

6

7                                       By _____

8                                          GRETCHEN E. DENT
                                           Attorneys for Defendant
9                                          STEPHEN MANGELSEN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DONN WASLIF, ESQ. [State Bar No. 164538]
   GRETCHEN E. DENT, ESQ. [State Bar No. 222184]
2  MORGAN, FRANICH, FREDKIN & MARSH
   99 Almaden Boulevard, Suite 1000
3  San Jose, California 95113-1613
   Telephone:(408) 288-8288
4  Facsimile: (408) 288-8325

5  Attorneys for Defendant
   STEPHEN MANGELSEN

6

7

8              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
9

10

11 FLUKE ELECTRONICS                NO. C0-8-01188 JW
   CORPORATION, a Washington
   corporation,                    **CERTIFICATE OF SERVICE BY MAIL**
12

13                Plaintff,

14 vs.                             Date:     Monday, June 9, 2008
                                   Time:     9:00 a.m.
                                   Room:     8, 4th Floor
15 STEPHEN MANGELSEN, a California  Judge:    Hon. James Ware
   resident,

16                Defendant.

17

18      I, the undersigned, hereby certify that I am over the age of eighteen years and not a

19 party to the within action. My business address is 99 Almaden Boulevard, Suite 1000, San

20 Jose, California 95113-1606.

21      On the date indicated below, I served by mail a true copy of the following document:

22 **NOTICE OF MOTION AND MOTION FOR MORE DEFINITE STATEMENT AND**

23 **TO STRIKE SECOND CAUSE OF CATION (RULE 12(e), 12(f)); POINTS AND**

24 **AUTHORITIES IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**

25 **AND TO STRIKE SECOND CAUSE OF CATION (RULE 12(e), 12(f))**

26      I am readily familiar with the practice of this business for collection and processing of

27 documents for mailing with the United States Postal Service. Documents so collected and

28 processed are placed for collection and deposit with the United States Postal Service that same

CERTIFICATE OF SERVICE                    1

1  day in the ordinary course of business.  The above-referenced document(s) were placed in (a)

2  sealed envelope(s) with postage thereon fully prepaid, addressed to each of the below listed

3  parties and such envelope(s) was (were) placed for collection and deposit with the United

4  States Postal Service on the date listed below at San Jose, California.

5  **Attorneys for Plaintiff, FLUKE ELECTRONICS CORPORATION**

6  Bryan M. Barber
   BARBER LAW GROUP
7  101 California Street, Suite 810
   San Francisco, CA 94111-5802

8
   415-273-2930 P
9  415-273-2940 F
   bbarber@barberlg.com

10        Executed on **April 29, 2008** , at San Jose, California.  I declare that I am employed in

11  the office of a member of the bar of this court at whose direction the service was made.

12

13

14                                **DONNA OLSON**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---