Bryan M. Barber (State Bar No. 118001)
(bbarber@barberlg.com.)
BARBER LAW GROUP
101 California Street, Suite 810
San Francisco, California 94111-5802
Telephone:   (415) 273-2930
Facsimile:    (415) 273-2940

Attorneys for Plaintiff
FLUKE ELECTRONICS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUKE ELECTRONICS CORPORATION a Washington corporation,<br><br>  Plaintiff,<br><br>v.<br><br>STEPHEN MANGELSEN, a California resident;<br><br>  Defendant. | Case No.: C 08 01188<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE SECOND CAUSE OF ACTION**<br><br>Date:   June 23, 2008<br>Time:   9:00 a.m.<br>Room:  8, 4th Floor<br>Judge:  Honorable James Ware |

## INTRODUCTION

This is an action to collect monies owed under a shareholder settlement agreement between Fluke Electronics Corporation and Mr. Mangelsen, the former Chief Financial Officer of Raytek Corporation. The actual agreement was provided to Mr. Mangelsen's attorney but contains a confidentiality provision so it was not attached to the complaint. The complaint describes the basis for Fluke's claims and restates the agreements the claim is based upon. Defendant's motion should be denied.

As the complaint alleges, Mr. Mangelsen remains one of the few shareholders who has refused to pay his share owing under the settlement agreement.

# ARGUMENT

### A. Plaintiff's First Cause of Action alleging breach of contract complies with the liberal pleading standards of Rule 8(a) and is specific enough to apprise defendant of the substance of the claim being asserted.

Defendant moves for a more definite statement of the breach of contract claim alleged in plaintiff's First Cause of Action. Defendant's motion should be denied.

The complaint alleges that:

- Defendant is a former shareholder and officer of Raytek Corporation, which merged with plaintiff Fluke Electronics Corporation. (Complaint, ¶¶ 8-9).

- Defendant and other former Raytek shareholders were served with a demand for arbitration arising out of pre-merger patent lawsuits and claims that were filed against Raytek. (Complaint, ¶10).

- On September 14, 2007, defendant and other former Raytek shareholders settled the claim. (Complaint, ¶11).

- Under the terms of the September 14, 2007 settlement agreement, defendant was to pay Fluke the sum of $388,662.78. (Complaint, ¶12).

- Fluke demanded payment from defendant. (Complaint, ¶¶ 13-14).

- Defendant has refused to pay any of the amount due under the settlement agreement. (Complaint, ¶14).

- Plaintiff seeks damages in the amount of $388,662.78 plus interest as a result of defendant's breach of the agreement. (Complaint, ¶20).

These allegations comply with the pleading requirements of Rule 8(a), which provides in part:

> A pleading that states a claim for relief must contain:
>
> . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Defendant contends these allegations are too vague and ambiguous under Rule 12(e),

which provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

The complaint provides defendant with sufficient information to prepare a responsive pleading. The complaint alleges that (1) a claim was brought against defendant in his capacity as a former shareholder and officer of a corporation; (2) the claim was resolved by a September 14, 2007 settlement agreement that required defendant to pay plaintiff the sum of $388,662.78; and (3) defendant breached the settlement agreement by refusing to pay. It is not credible that defendant is unable to formulate a response to this cause of action.

In *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999), the court explained that motions for more definite statement are viewed with disfavor and are rarely granted. The court noted, "Generally, the Court will require a more definite statement only when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" *Id.* (Citations omitted).

Defendant contends he cannot frame a response because the complaint does not allege whether the agreement is written or oral. Defendant cites no authority requiring such an allegation, and the court in *Cellars* rejected a virtually identical contention. *Id.* at 578-579. If defendant contends there was no agreement, he can so allege in his answer. If he admits there was an agreement, he can also so allege and explain the type of agreement he admits.

Defendant contends the complaint is unclear because the agreement is not attached and the total amount of the settlement is not alleged. But defendant does not explain why he cannot frame a response to the allegations that are set forth in the complaint. Defendant also argues that the complaint must allege precisely what consideration he received for the settlement and what obligations plaintiff performed under the terms of the agreement. This type of detail is not required by Rule 8.

A complaint need not include every conceivable detail concerning the events alleged so long as the defendant can frame a responsive pleading. "While defendant may not have been able to ascertain all the details of plaintiffs' case from the complaint, that is not the function of

pleadings in the federal courts." *Boxall v. Sequoia Union High School District*, 464 F. Supp. 1104, 1113-1114 (N.D. Cal. 1979). "A Rule 12(e) motion is not a substitute for discovery; such a motion attacks unintelligibility in a pleading, not mere lack of detail." *Wood v. Apodaea*, 375 F. Supp. 2d 942, 949 (N.D. Cal. 2005). "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993) (citation omitted). "[A] motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).

The First Cause of Action contains a sufficient description of the breach of contract claim for defendant to formulate a response. The additional details sought by defendant can be obtained in discovery.

**B.  The Federal Rules of Civil Procedure specifically permit claims for declaratory relief to be asserted in addition to claims seeking other remedies.**

Defendant asks the court to strike plaintiff's Second Cause of Action for declaratory relief on the basis that any appropriate relief can be obtained through the breach of contract action. But actions for declaratory relief are not as circumscribed as defendant suggests.

Rule 57 specifically provides:

> The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.

The Advisory Committee Notes to Rule 57 further explained, "[T]he fact that another remedy would be equally effective affords no ground for declining declaratory relief."

It is somewhat puzzling that defendant contends plaintiff's breach of contract claim is so vague as to be unintelligible, while asserting with confidence that a declaratory relief action is completely unnecessary because the breach of contract claim will resolve everything. It would be premature and inappropriate to strike plaintiff's declaratory relief claim before all the contours of the parties' disputes have been identified. Defendant does not assert that he will be prejudiced or that the litigation will be more complex or costly if the declaratory relief cause of action is not stricken. The court should exercise its discretion in favor of allowing the declaratory relief claim

to proceed until it can be determined whether the breach of contract claim will in fact resolve all the disputes between the parties.

## CONCLUSION

Defendant's motion for more definite statement should be denied because plaintiff's First Cause of Action contains a short and plain statement of plaintiff's breach of contract claim to which defendant can formulate a response. Defendant's motion to strike plaintiff's Second Cause of Action should be denied because Rule 57 expressly provides that the existence of another adequate remedy does not preclude a declaratory judgment, defendant has identified no prejudice, and striking the cause of action would be premature.

DATED: June 2, 2008

Respectfully submitted,

BARBER LAW GROUP

_____
Bryan M. Barber
Attorney for Plaintiff
FLUKE ELECTRONICS CORPORATION

202320l