DONN WASLIF, ESQ. [State Bar No. 164538]
GRETCHEN E. BIRKHEIMER, ESQ. [State Bar No. 222184]
MORGAN, FRANICH, FREDKIN & MARSH
99 Almaden Boulevard, Suite 1000
San Jose, California  95113-1613
Telephone:(408) 288-8288
Facsimile:  (408) 288-8325

Attorneys for Defendant
STEPHEN MANGELSEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUKE ELECTRONICS CORPORATION, a Washington corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>STEPHEN MANGELSEN, a California resident,<br><br>          Defendant. | NO. C0-8-01188 JW<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE SECOND CAUSE OF ACTION (RULE 12(e), 12(f))**<br><br>Date:     June 23, 2008<br>Time:     9:00 a.m.<br>Room:    8, 4th Floor<br>Judge:    Hon. James Ware |

### ARGUMENT

**A.      Plaintiff's Breach of Contract Claim Is Fatally Unintelligible**

In Plaintiff's opposing papers, Plaintiff cites a great deal of general law regarding motions for Rule 12(e) motions, but fails to address the specific defects of Plaintiff's own Complaint, most notably the failure to plead the material terms of or attach the Settlement Agreement upon which its First Cause of Action is based.

Plaintiff asserts that it is not required to attach the agreement because of a claimed confidentiality clause in the agreement.  The appropriate course to protect the confidentiality of the Agreement or any other document filed with the Court would have been a request to file the document under seal pursuant to Civil Local Rule No. 79-5.  Rather than file a complete

pleading under seal of confidentiality, Plaintiff has opted to simply file an incomplete pleading and leave Defendant guessing as to the material terms of the Agreement. This is precisely the situation a Rule 12(e) motion is intended to address. *Wood v. Apodaca* (N.D. Cal., 2005) 375 F.Supp.2d 942, 949-50.

Plaintiff's provision of a written Settlement Agreement to counsel for Defendant does not render the pleading itself any more intelligible. The Complaint remains carefully silent as to whether the Agreement was written or oral, and the written Agreement provided to counsel was not executed by Defendant, raising a question as to whether the written agreement is contended to be the entirety of the settlement (and if a third party is contended to have executed an agreement on Defendant's behalf, what authority that third party was acting under).

### B.    Plaintiff's Declaratory Relief Claim Suffers From the Same Flaws

In its opposing papers, Plaintiff points out that the Declaratory Relief claim is not necessarily duplicative if the First Cause of Action for Breach of Contract is, as Defendant asserts, so vague as to be unintelligible.

Defendant concedes that Plaintiff's reasoning on this point is correct; however, it simply reinforces the fact that the First Cause of Action is fatally flawed. The Declaratory Relief claim asks the Court to interpret the parties' rights and duties under the Settlement Agreement, but the Settlement Agreement is neither attached nor intelligibly pleaded. In effect, Plaintiff is asking the Court to adjudicate the parties' rights and duties under a contract that is not properly before the court. Thus, to the extent that Plaintiff relies upon its First Cause of Action to adequately plead a basis for the Second Cause of Action, the Second Cause of Action is inadequate as well.

### C.    Defendant's Motion To Strike The Prayer for Attorney's Fees Is Unopposed

Plaintiff fails to address or oppose Defendant's motion to strike the prayer for attorneys' fees, effectively conceding that the motion should be granted as to this prayer.

### CONCLUSION

For all of the foregoing reasons, Defendant's motion for a more definite statement as

to the First Cause of Action, and to strike the Second Cause of Action and Paragraph 3 of Plaintiff's Prayer For Relief, should be granted.

Dated: June 3, 2008            MORGAN, FRANICH, FREDKIN & MARSH

By_____
GRETCHEN E. BIRKHEIMER
Attorneys for Defendant
STEPHEN MANGELSEN