| | |
|---|---|
| 1 | Bryan M. Barber (State Bar No. 118001) |
| 2 | (bbarber@barberlg.com.) |
|   | BARBER LAW GROUP |
|   | 101 California Street, Suite 810 |
| 3 | San Francisco, California 94111-5802 |
|   | Telephone:   (415) 273-2930 |
| 4 | Facsimile:    (415) 273-2940 |
| 5 | Attorneys for Plaintiff |
|   | FLUKE ELECTRONICS CORPORATION |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUKE ELECTRONICS CORPORATION a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MANGELSEN, a California resident;<br><br>Defendant. | Case No.: C 08 01188<br><br>**PLAINTIFF FLUKE ELECTRONICS COPORATION'S CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Hearing Date:    June 23, 2007<br>Time:             10:00 am<br>Courtroom:       8<br>Judge:           Hon. James Ware<br><br>Complaint filed:   February 28, 2008 |

Plaintiff Fluke Electronics Corporation ("Fluke") submits this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. Plaintiff Fluke attempted to "meet and confer" telephonically with Defendant prior to June 12, 2008. On June 12th and June 16th Plaintiff sent drafts of the proposed statement to Defendant. Attached is Defendant's response. Defendant did not authorize Plaintiff to file a joint statement on its behalf.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states. The September 14, 2007

settlement agreement that is the subject of this action provides that state and federal courts in California have jurisdiction over this dispute. Pursuant to Local Rules 3-2 and 3-5, this action is in the San Jose Division because the defendant resides in Santa Cruz County and a substantial part of the events or omissions which give rise to the claim occurred in Santa Cruz County.

## DESCRIPTION OF THE CASE

### 1. A brief description of the events underlying the action:

This is an action to collect monies owed under a shareholder settlement agreement between Fluke and Mr.Stephen Mangelsen, the former Chief Financial Officer of Raytek Corporation. Pursuant to the merger agreement between Fluke, Raytek, and the former common equity shareholders of Raytek, Mr. Mangelsen and other shareholders of Raytek received substantial compensation as a result of the merger. Mr. Mangelsen received over three million dollars.

After the merger a dispute arose between the former shareholders and Fluke as to monies owed to Fluke pursuant to indemnification obligations undertaken by Mr. Mangelsen and the other Raytek shareholders related to certain pre-merger patent lawsuits that Raytek was involved in. Under the merger agreement, Mr. Mangelsen and other former Raytek shareholders were served with a demand for arbitration arising out of those lawsuits and claims that were filed against Raytek. These claims between the former shareholders and Fluke were ultimately settled. Pursuant to the terms of the September 14, 2007 settlement the former shareholders including Mr. Mangelsen, were to pay a pro rata percent share to Fluke. Mr. Mangelsen's pro rata share of the settlement amount was 5.911963% which is $388,662.78. The settlement agreement binds Mr. Mangelsen to pay his 5.91963% share of $388,622.78. Fluke demanded payment on several occasions from Mr. Mangelsen, who has refused to make any payment. Most all of the other shareholders have paid their share of the settlement.

Fluke seeks damages in the amount of $388,662.78 plus interest as a result of Mr. Mangelsen's breach of the agreement and other amounts to be proven at trial and any other relief that may be awarded by the Court.

**2.   The principal factual issues which the parties' dispute:**

Fluke contends there are no material factual issues in dispute.

Defendant Mangelsen contends that:

**3.   The principal legal issues which the parties dispute:**

Whether Mr. Mangelsen has breached the agreement reached between the parties regarding the pre-merger patent lawsuits and claims that were filed against Raytek.

Defendant Mangelsen contends that:

**4.   The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

Mr. Mangelsen initially responded to Fluke's complaint by filing a motion for more definite statement and to strike the second cause of action. Fluke timely filed its opposition. The motion is scheduled to be heard on June 23, 2008.

**5.   The parties which have not been served and the reason:**

Fluke does not anticipate any additional parties will be served.

Defendant Mr. Mangelsen contends that:

**6.   The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

N/A

7. **The following parties consent to assignment of this case to a United States Magistrate Judge for [court or jury] trial:**

The parties do <u>not</u> consent to trial before a magistrate judge.

## ALTERNATIVE DISPUTE RESOLUTION

8. **The parties have filed a Stipulation and Proposed Order Selecting an ADR process.**

The parties choose Early Mediation, with a magistrate judge. Counsel have met and conferred regarding ADR and have given notice of the need for an ADR phone conference. The parties are awaiting a date for telephone scheduling conference from the court.

## DISCLOSURES

9. **The parties certify that they have made the following disclosures**

(10.1) **Witnesses each party initially intends to call for its case in chief:**

    (10.1.1)    **Fluke disclosed the following witnesses:**

1. Stephen Mangelsen
2. James M. Rupp
3. Clifford Warren

Fluke reserves its right to revise and/or supplement this disclosure, and will disclose expert witnesses it intends to use at trial, along with reports, as required by the Court's eventual pretrial calendaring deadlines, etc.

    (10.1.2)    **Mr. Mangelsen disclosed the following witnesses:**

(10.2) **Documents exchanged between the parties:**

(10.2.1)    **Fluke disclosed and provided the following documents:**

Pursuant to rule 26(a) Fluke will have produced documents relating to this claim for breach of contract upon which it may rely in support of its claims in this matter prior to the case

management conference set for June 23, 2008. Such documents include, but are not limited to, the agreement and plan of merger between Fluke Corporation, Raytek, and the former common equity shareholders of Raytek [and the settlement agreements reached in certain lawsuits and claims against Raytek prior to the merger] and the settlement agreement between Fluke and the former common equity shareholders of Raytek. Fluke reserves its right to revise and/or supplement this disclosure.

**(10.2.2)   Mr. Mangelsen disclosed and provided the following documents:**

The parties have taken all necessary steps to preserve evidence relevant to the issues reasonably evident in this action.

**(10.3) Damage computations:**

    **(10.3.1)   Plaintiff Fluke has sustained damages for:**

        1.   Mr. Mangelsen's pro rata share of the total settlement or 5.91963%, which equaled $388,662.78; and

        2.   Interest from the date the settlement payment was due in the maximum amount permitted by law.

**(10.4) Insurance agreements:**

Insurance agreements are not relevant for this dispute.

## DISCOVERY

**10.   The parties agree to the following discovery plan:**

**(11.1) Fact discovery:**

    **(11.1.2)   Inspection/document demands of non-parties:**

    Limited to 35, unless additional necessary for good cause.

    **(11.1.3)   Depositions of parties and non-parties:**

    Limited to 5, unless additional necessary for good cause.

    **(11.1.4)   Interrogatories:**

| | | |
|---|---|---|
| 1 | | Limited to 35, unless additional necessary for good cause. |
| 2 | **(11.1.5)** | **Requests for admissions:** |
| 3 | | Limited to 35, unless additional necessary for good cause. |
| 4 | **(11.1.6)** | **Close of fact discovery:** |
| 5 | | September 1, 2008 |
| 6 | **(11.1.7)** | **Last day for hearing on fact discovery motions:** |
| 7 | | September 15, 2008 |

(11.2) **Expert discovery:**

    **(11.2.1)**   **The Parties' initial disclosure of expert witnesses and reports:**

        September 1, 2008

    **(11.2.2)**   **The Parties' disclosure of rebuttal expert witnesses and reports:**

        September 10, 2008

    **(11.2.3)**   **Last day for deposition of experts:**

        September 18, 2008

    **(11.2.4)**   **Last day for hearing on expert discovery motions:**

        September 22, 2008

## PRETRIAL SUBMISSIONS AND HEARINGS

**12. The parties agree to the following pretrial submission and hearing schedule:**

**(12.1)** Last day for lead counsel for the parties to meet and confer in person regarding all pre-trial matters (Standing Order):

    September 29, 2008

**(12.2)** Last day to file and serve trial briefs, motions in limine, discovery responses to be used at trial, voir dire, jury questions and jury instructions and verdict forms (if applicable), proposed findings of fact and conclusions of law (if appropriate), joint pretrial statement:

    October 15, 2008

1  **(12.3) Last day file and serve oppositions to motions in limine, objections to use of discovery at trial, counter-designations of discovery to be used at trial, objections to proposed: voir dire, jury questions and instructions, jury verdict forms, objections to findings of fact and conclusions of law and to the authenticity or admissibility of any proposed trial exhibits:**

October 22, 2008

**(12.4) Trial:** October 29, 2008

DATED: June 17, 2008

Respectfully submitted,
BARBER LAW GROUP

_____
Bryan M. Barber
Attorneys for Plaintiff
FLUKE ELECTRONICS CORPORATION

PLAINIFF FLUKE ELECTRONICS CORPORATION'S CASE MANAGEMENT
STATEMENT AND PROPOSED ORDER
Case No.: C 08 01188                                                                                     Page 7

# CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with the following Order:

(11.1) **Fact discovery:**

    (11.1.2)    **Inspection/document demands of non-parties:**

        Limited to 35, unless additional necessary for good cause.

    (11.1.3)    **Depositions of parties and non-parties:**

        Limited to 5, unless additional necessary for good cause.

    (11.1.4)    **Interrogatories:**

        Limited to 35, unless additional necessary for good cause.

    (11.1.5)    **Requests for admissions:**

        Limited to 35, unless additional necessary for good cause.

    (11.1.6)    **Close of fact discovery:**

        September 1, 2008

    (11.1.7)    **Last day for hearing on fact discovery motions:**

        September 15, 2008

(11.2) **Expert discovery:**

    (11.2.1)    **The Parties' initial disclosure of expert witnesses and reports:**

        September 1, 2008

    (11.2.2)    **The Parties' disclosure of rebuttal expert witnesses and reports:**

        September 10, 2008

    (11.2.3)    **Last day for deposition of experts:**

        September 18, 2008

    (11.2.4)    **Last day for hearing on expert discovery motions:**

        September 22, 2008

## PRETRIAL SUBMISSIONS AND HEARINGS

**12. The parties agree to the following pretrial submission and hearing schedule:**

**(12.1)** Last day for lead counsel for the parties to meet and confer in person regarding all pre-trial matters (Standing Order):

        September 29, 2008

**(12.2)** Last day to file and serve trial briefs, motions in limine, discovery responses to be used at trial, voir dire, jury questions and jury instructions and verdict forms (if applicable), proposed findings of fact and conclusions of law (if appropriate), joint pretrial statement:

        October 15, 2008

**(12.3)** Last day file and serve oppositions to motions in limine, objections to use of discovery at trial, counter-designations of discovery to be used at trial, objections to proposed: voir dire, jury questions and instructions, jury verdict forms, objections to findings of fact and conclusions of law and to the authenticity or admissibility of any proposed trial exhibits:

        October 22, 2008

**(12.4) Trial:**   October 29, 2008

In addition the Court orders:

///
///
///
///

1  DATED: June ___, 2006

_____
United States District Judge

6  2023261

# ATTACHMENT

### Benedict, Anna K.

**From:** Donn Waslif [dwaslif@mffmlaw.com]
**Sent:** Monday, June 16, 2008 5:24 PM
**To:** Benedict, Anna K.
**Subject:** RE: FLUKE ELECTRONICS CORPORATION v. MANGELSEN

Anna and Steve,

The Joint CMC Statement is not due, per local rules or FRCP, tomorrow.

Preparation and filing of one is premature. We cannot confer on a discovery plan or limitations on discovery until the case is at issue and we know what allegations my client will be responding to. Mr. Mangelsen has not filed an answer to the suit. Also, as I have told Mr. Barber, Mr. Mangelsen is considering a cross-complaint.

I also note that you seek an October trial date, which is less that 120 days away. I am not sure if Mr. Barber really intends to make that pitch to Judge Ware. Of course, we will object to that and seek a trial date next year given the above and other factors like a reasonable amount of time to conduct necessary discovery.

When we do prepare a Joint Statement, the statement of facts will need to be less argumentative. There will be plenty of time to argue our respective positions regarding the facts as well as the legal issues.

Lastly, you and Mr. Barber do not have my permission to e-file a Joint Statement on my behalf. You should remove the word, JOINT, from the caption. If you feel that your office needs to submit something at this time, you can file something on plaintiff's behalf ONLY.

Donn Waslif
Morgan, Franich, Fredkin & Marsh
99 Almaden Blvd., Suite 1000
San Jose, CA 95113-1606
(408) 288-8288
fax (408) 288-8325

NOTICE: This electronic transmission and any attached documents contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of ths electronically transmitted information is strictly prohibited. If you have received this email in error, please immediately notify us by reply email, and delete the email and any attached documents.

**From:** Benedict, Anna K. [mailto:abenedict@barberlg.com]
**Sent:** Monday, June 16, 2008 4:56 PM
**To:** Donn Waslif
**Subject:** RE: FLUKE ELECTRONICS CORPORATION v. MANGELSEN

Don: I wanted to touch base as we haven't received your comments or additions. The statement is due tomorrow

per the courts scheduling order.  If you could get me any changes early tomorrow that would be great.

    Anna Kathryn Benedict
    Barber Law Group
    101 California St.  Suite 810
    San Francisco California 94111-5802

    Ph. 415-273-2930
    Fax 415-273-2940

6/17/2008