**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Fluke Electronics Corp., | NO. C 08-01188 JW |
|            Plaintiff,<br>v. | **ORDER DENYING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE SECOND CAUSE OF ACTION** |
| Stephen Mangelsen, | |
|            Defendant. | |

## I. INTRODUCTION

Fluke Electronics Corp. ("Plaintiff") brings this diversity action against Stephan Mangelsen ("Defendant") for alleged breach of contract. Plaintiff alleges that Defendant breached the parties' settlement agreement. Presently before the Court is Defendant's Motion for a More Definite Statement and to Strike. (hereafter, "Motion," Docket Item No. 12.) The Court found the matter appropriate for submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Defendant's Motion for a More Definite State and to Strike.

## II. BACKGROUND

In a Complaint filed on February 28, 2008, Plaintiff alleges as follows:

    Plaintiff is a Delaware corporation with its principal place of business in Washington. (Complaint ¶ 1, Docket Item No. 1.) Plaintiff manufactures electronic test tools and software. (Id.) Defendant is a California resident. (Id. ¶ 2.) Defendant is a former shareholder of non-party Raytek Corporation ("Raytek"). (Id. ¶ 8.) Plaintiff entered into a

Merger Agreement with Raytek. (Id. ¶ 9.) Under the terms of the Merger Agreement, Defendant received more than $3 million dollars for his shares. (Id.)

A dispute arose between Plaintiff and former Raytek shareholders, including Defendant, regarding indemnification obligations for various patent infringement lawsuits filed against Raytek prior to the merger. (Id. ¶ 10.) In April 2006, Plaintiff served the former shareholders, including Defendant, with a demand for arbitration of their dispute. (Id.)

On September 14, 2007, Plaintiff entered into a Settlement Agreement with the former shareholders, including Defendant. (Id. ¶ 11.) Under the terms of the Settlement Agreement, Defendant was required to pay Plaintiff $388,662.78. (Id. ¶ 12.) Defendant has failed to pay Plaintiff the amount due. (Id. ¶ 16.)

On the basis of the allegations outlined above, Plaintiff alleges two causes of action: (1) Breach of Contract, and (2) Declaratory Judgment.

Presently before the Court is Defendant's motion for a more definite statement and to strike.

### III. DISCUSSION

**A.     Motion for More Definite Statement**

Defendant moves for a more definite statement on the ground that Plaintiff's First Cause of Action is vague; Plaintiff does not allege whether the contract was written or oral, what the obligations were, and whether consideration was paid. (Motion at 3.)

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. Fed. R. Civ. P. 12(e). A motion for more definite statement, like a motion to dismiss for failure to state a claim, is viewed with disfavor and is rarely granted. Cellars v. Pacific Coast Packaging. Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Federal Sav. and Loan Ins.

Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988) (citing Famolare Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981)).

In a breach of contract claim, a plaintiff may allege that the contract was either written or oral. See Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). Consistent with the liberal pleading standards of Rule 8 of the Federal Rules of Civil Procedure, a plaintiff is only required to allege facts that establish the existence of an agreement, performance by the plaintiff, breach by defendant, and damages. Id.

With respect to the First Cause of Action for Breach of Contract, Plaintiff alleges as follows:

> Plaintiff entered into a Settlement Agreement with Defendant on September 14, 2007. (Complaint ¶ 11.) Plaintiff performed all of its obligations by releasing Defendant from Plaintiff's claim for indemnification. (Id. ¶¶ 10-11, 15.) Defendant breached the agreement by failing to pay the settlement amount. (Id. ¶ 18.) Plaintiff was damaged in that it did not receive the amount agreed to in the Settlement Agreement. (Id. ¶ 18.)

The Court finds that these allegations provide a sufficient basis for Defendant to answer. Defendant may admit or deny the existence of the Settlement Agreement between him and Plaintiff, and his obligation and failure to pay $388,662.78 under the terms of the Agreement. Accordingly, the Court DENIES Defendant's motion fo a more definite statement.

**B.     Motion to Strike**

Defendant moves to strike Plaintiff's Second Cause of Action for Declaratory Judgment and the prayer for attorney fees. (Motion at 3.)

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit has held that "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."

Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); See, e.g., Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 1028 (C.D. Cal. 2002). Accordingly, such motions should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit. SEC v. Sands, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995); LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 820 (N.D. Cal. 1992). When considering a motion to strike, the court "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Securities Litig., 114 F. Supp. 955, 965 (C.D. Cal. 2000).

The Court considers whether to strike the Second Cause of Action and prayer for fees.

**1.    Whether to Strike the Second Cause of Action**

Defendant contends that the Second Cause of Action for a Declaratory Judgment should be stricken because it is unnecessary in light of Plaintiff's breach of contract claim. (Motion at 3.)

Under the Declaratory Judgment Act, "[i]n a case of actual controversy . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . . ." 28 U.S.C. § 2201. Rule 57 of the Federal Rules of Civil Procedure states that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."

Thus, Plaintiff may request a declaratory judgment irrespective of the relief afforded by its other claims. The claim for declaratory relief is clearly related to the dispute between the parties because it seeks to adjudicate their rights and obligations under the Settlement Agreement. (Complaint ¶ 25.) Accordingly, the Court DENIES Defendant's motion to strike the Second Cause of Action.

**2.    Whether to Strike the Prayer for Attorney Fees**

Defendant contends that Plaintiff's prayer for attorney fees should be stricken because there is no basis for such relief. (Motion at 5.)

4

Damages that are not recoverable as a matter of law may be struck upon motion of a party. Lazar v. Trans Union, LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Attorney fees are generally not recoverable in federal court litigation unless provided for by statute or the agreement of the parties. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975).

In this case, the full terms of the Settlement Agreement are not before the Court.[1] Thus, the Court cannot determine at this stage whether Plaintiff is entitled to recover attorney fees. Accordingly, the Court DENIES Defendant's motion to strike Plaintiff's prayer for fees as premature. Defendant may renew this motion after the terms of the contract are before the Court.

## IV. CONCLUSION

The Court DENIES Defendant's Motion for Definite Statement and to Strike.

In light of this Order, the Court VACATES the hearing on the motion currently scheduled for June 23, 2008. The Court CONTINUES the Case Management Conference currently set for June 23, 2008 to **July 7, 2008 at 10 a.m.** to give the parties sufficient time to meet and confer and to formulate a discovery plan. On or before **June 27, 2008**, the parties shall file a Joint Case Management Statement; the Statement shall set forth a good faith discovery plan which includes a date for the close of all discovery.

Dated: June 19, 2008

JAMES WARE
United States District Judge

---

[1] Plaintiff represents that it served a copy of the Settlement Agreement on Defendant's attorney but did not file it with the Court because of a confidentiality clause. (Plaintiff's Opposition to Defendant's Motion for More Definite Statement at 1, Docket Item No. 1.) The proper procedure for filing a confidential document is to move the Court for permission to file such document under seal. See Civ. L.R. 79-5.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bryan M. Barber bbarber@barberlg.com
Donn Waslif dwaslif@mffmlaw.com

**Dated:  June 19, 2008**                               **Richard W. Wieking, Clerk**

                                                        **By:   /s/ JW Chambers
                                                              Elizabeth Garcia
                                                              Courtroom Deputy**