Bryan M. Barber (State Bar No. 118001)
(bbarber@barberlg.com.)
BARBER LAW GROUP
101 California Street, Suite 810
San Francisco, California 94111-5802
Telephone:    (415) 273-2930
Facsimile:     (415) 273-2940

Attorneys for Plaintiff
FLUKE ELECTRONICS CORPORATION

Mark B. Fredkin (State Bar No. 53550)
Donn Waslif (State Bar No. 164538)
MORGAN FRANICH FREDKIN & MARSH
99 Almaden Boulevard, Suite 1000
San Jose, CA 95113
Telephone:    (408) 288-8288
Facsimile:     (408) 288-8325

Attorneys for Defendant
STEPHEN MANGELSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUKE ELECTRONICS CORPORATION a Washington corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>STEPHEN MANGELSEN, a California resident;<br><br>Defendant. | Case No.: C 08 01188<br><br>**PLAINTIFF FLUKE ELECTRONICS COPORATION'S AND DEFENDANT STEPHEN MANGELSEN'S JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Hearing Date:    July 7, 2008<br>Time:             10:00 am<br>Courtroom:      8<br>Judge:           Hon. James Ware<br><br>Complaint filed:    February 28, 2008 |

Plaintiff Fluke Electronics Corporation ("Fluke") and Defendant Stephen Mangelsen have met and conferred and submit this joint Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states.  The September 14, 2007 settlement agreement that is the subject of this action provides that state and federal courts in California have jurisdiction over this dispute.  Pursuant to Local Rules 3-2 and 3-5, this action is in the San Jose Division because the defendant resides in Santa Cruz County and a substantial part of the events or omissions which give rise to the claim occurred in Santa Cruz County.

**DESCRIPTION OF THE CASE**

1.    <u>A brief description of the events underlying the action:</u>

PLAINTIFF FLUKE:

This is an action to collect monies owed under a shareholder settlement agreement between Fluke and Mr. Stephen Mangelsen, the former Chief Financial Officer of Raytek Corporation.  Pursuant to the merger agreement between Fluke, Raytek, and the former common equity shareholders of Raytek, Mr. Mangelsen and other shareholders of Raytek received substantial compensation as a result of the merger.  Mr. Mangelsen received over three million dollars.

After the merger a dispute arose between the former shareholders and Fluke as to monies owed to Fluke pursuant to indemnification obligations undertaken by Mr. Mangelsen and the other Raytek shareholders related to certain pre-merger patent lawsuits that Raytek was involved in.  Under the merger agreement, Mr. Mangelsen and other former Raytek shareholders were served with a demand for arbitration arising out of those lawsuits and claims that were filed against Raytek.  Per the merger agreement, Clifton Warren was appointed to serve as the representative of the Common Equityholders and had full power and authority to make, on behalf of the Common Equityholders, all decisions relating to the defense and/or settlement of any claims for which any Parent Party may claim to be entitled to indemnity   These claims between the former shareholders and Fluke were ultimately settled.  Pursuant to the terms of the September 14, 2007 settlement the former shareholders, including Mr. Mangelsen, were to pay a

pro rata percent share to Fluke.  Mr. Mangelsen's pro rata share of the settlement amount was 5.911963% which is $388,662.78.  The settlement agreement by its terms requires Mr. Mangelsen to pay his 5.911963% which is $388,662.78.  Fluke demanded payment on several occasions from Mr. Mangelsen, who has refused to make any payment.  Most all of the other shareholders have paid their share of the settlement.

DEFENDANT MANGELSEN:

Plaintiff Fluke has filed suit for breach of contract.  The contract in dispute is a settlement agreement and release between Fluke and Raytek Corporation ("Raytek") on the one hand, and Clifton Warren on the other hand.  (No one else signed the settlement agreement.)  Mr. Warren is the former CEO of Raytek Corporation and it is alleged that he represented all of the former common equityholders of Raytek Corporation in that dispute.  Mr. Warren, defendant Stephen Mangelsen (the former CFO of Raytek) and the other former common equityholders sold all of their stock in a Merger between Raytek and Fluke in August 2002.  The settlement agreement arose out of a suit (arbitration) by Fluke and Raytek against the former common equityholders (including Warren and Mangelsen) for indemnity.  Fluke and Raytek alledgedly incurred more than $23M in defending and settling patent infringement claims against Raytek which predated the merger.

**2.    The principal factual issues which the parties' dispute:**

Fluke contends there are no material factual issues in dispute.

At this time, defendant Mangelsen contends that the following facts remain to be proven or are in dispute:

Whether Fluke incurred $23 million in costs and fees to settle the patent claims against Raytek, and whether Fluke incurred those costs and fees due primarily to its own negligent handling of the defense of those claims; Whether there was an agreement between Warren and Mangelsen which designates Warren as Mangelsen's agent; whether Warren breached his fiduciary duties to Mangelsen including but not limited to those of loyalty, communication,

1    information and authority.

2

3    **3.    The principal legal issues which the parties dispute:**

4    At this time, Plaintiff Fluke contends the following legal issues are in dispute:

5    Whether the September 14, 2007 settlement agreement binds Defendant Stephen

6    Mangelsen to the settlement reached in the pre-merger patent lawsuits and claims that were filed

7    against Raytek.

8    Whether Mr. Mangelsen has breached the September 14, 2007 agreement reached

9    between the parties regarding the pre-merger patent lawsuits and claims that were filed against

10    Raytek.

11

12    At this time, defendant Mangelsesn contends that the following legal issue are in dispute:

13    If there was an agency relationship between Warren and Mangelsen, whether the scope of

14    Warren's authority include acting as his agent with respect to indemnity claims of Fluke and

15    binding Mangelsen to a monetary settlement as purported in the settlement agreement.

16    **4.    The other factual issues *[e.g. service of process, personal jurisdiction, subject***

17    ***matter jurisdiction or venue]* which remain unresolved for the reason stated**

18    **below and how the parties propose to resolve those issues:**

19    Plaintiff Fluke contends that Mr. Mangelsen initially responded to Fluke's complaint by

20    filing a motion for more definite statement and to strike the second cause of action.  The court

21    issued a ruling on this motion on June 19, 2008, whereby it denied Defendant's motion.  Under

22    FRCP 12, Defendant Stephen Mangelsen's answer is due on June 30, 2008.

23    Defendant Stephen Mangelsen states he will file his answer and cross-complaint no later

24    than July 7, 2008, the date of the case management conference.

25    **5.    The parties which have not been served and the reason:**

26    N/A

27    **6.    The additional parties which the below-specified parties intend to join and**

28

**the intended time frame for such joinder:**

Upon service of his answer to Fluke's complaint, Defendant Mangelsen intends to file and serve a counter-claim against Fluke and a cross-complaint against Clifton Warren.

Fluke intends to file a motion to bifurcate Plaintiff's claims against Clifton Warren from those it has brought against Stephen Mangelsen.

**7.     The following parties consent to assignment of this case to a United States Magistrate Judge for [court or jury] trial:**

The parties do <u>not</u> consent to trial before a magistrate judge.

### ALTERNATIVE DISPUTE RESOLUTION

**8.     The parties have filed a Stipulation and Proposed Order Selecting an ADR process.**

Counsel have met and conferred regarding ADR and have given notice of the need for an ADR phone conference.  The parties have a telephone conference with the ADR department on July 31, 2008.

As defendant anticipates filing a cross-complaint, he intends to wait until all parties have appeared before scheduling ADR.

### DISCLOSURES

**9.     The parties certify that they have made the following disclosures**

**(10.1)  Witnesses each party initially intends to call for its case in chief:**

    **(10.1.1)        Fluke disclosed the following witnesses:**

1.     Stephen Mangelsen

2.     James M. Rupp

3.     Clifton Warren

Fluke reserves its right to revise and/or supplement this disclosure, and will disclose expert witnesses it intends to use at trial, along with reports, as required by the Court's eventual pretrial calendaring deadlines, etc.

**(10.1.2)    Mr. Mangelsen disclosed the following witnesses:**

Defendant will make his disclosure on July 18, 2008 along with his FRCP 26 disclosures.

**(10.2)  Documents exchanged between the parties:**

Pursuant to rule 26(a) the parties have agreed to July 18, 2007 for production of initial disclosures.

**(10.3)  Damage computations:**

**(10.3.1)    Plaintiff Fluke has sustained damages for:**

1.    Mr. Mangelsen's pro rata share of the total settlement or 5.91963%, which equaled $388,662.78; and

2.    Interest from the date the settlement payment was due in the maximum amount permitted by law.

3.    Other compensation as the Court may deem appropriate.

**(10.3.2)    Mangelsen contends that his damages include:**

1.    $295,950 (from Fluke);

2.    $388,000 in indemnity if found liable to Fluke under the settlement agreement (from Warren);

3.    amounts to be determined after an accounting (from Warren);

4.    and, his attorney's fees (from Warren)

**(10.4)  Insurance agreements:**

Insurance agreements are not relevant for this dispute.

**DISCOVERY**

**10.    The parties submit the following discovery plans:**

The parties agree discovery shall commence on July 23, 2008.

**(11.1) Fact discovery:**

**(11.1.2)    Inspection/document demands of non-parties:**

**PLAINTIFF FLUKE ELECTRONICS COPORATION'S AND DEFENDANT STEPHEN MANGELSEN'S JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

1   **Parties Agree:** There is no limit provided in the FRCP.  If the

2   number of requests directed at a party becomes onerous or it

3   appears that the discovery requests are being used to harass a party,

4   then there should be a meet/confer.

5   **(11.1.3)**    **Depositions of parties and non-parties:**

6   **Parties Agree:**  FRCP 30-each party may take 10 depositions with

7   a limitation of 7 hours (of actual deposition time) for each

8   deposition.

9   **(11.1.4)**    **Interrogatories:**

10  **Parties Agree:** Limited to 35, unless additional necessary for good

11  cause.

12  **(11.1.5)**    **Requests for admissions:**

13  **Parties Agree:**  Limited to 35, unless additional necessary for

14  good cause.

15  **(11.1.6)**    **Close of fact discovery:**

16  **Plaintiff Fluke:**  October 8, 2008

17  **Defendant Managelsen**:  February 1, 2009

18  **(11.1.7)**    **Last day for hearing on fact discovery motions:**

19  **Plaintiff Fluke:**  October 29, 2008

20  **Defendant Mangelsen:**  March 15, 2009

21  **(11.2)  Expert discovery:**

22  **(11.2.1)**    **The Parties' initial disclosure of expert witnesses and reports:**

23  **Plaintiff Fluke**:  October 8, 2008

24  **Defendant Mangelsen:**  February 25, 2009

25  **(11.2.2)**    **The Parties' disclosure of rebuttal expert witnesses and**

26  **reports:**

27

28

1    **Plaintiff Fluke:** October 15, 2008

2    **Defendant Mangelsen**: March 25, 2009

3    **(11.2.3)    Last day for deposition of experts:**

4    **Plaintiff Fluke:** October 22, 2008

5    **Defendant Managelsen:** April 30, 2009

6    **(11.2.4)    Last day for hearing on expert discovery motions:**

7    **Plaintiff Fluke:** October 29, 2008

8    **Defendant Managelsen:** May 15, 2009

9    **PRETRIAL SUBMISSIONS AND HEARINGS**

10    **12. <u>The parties agree to the following pretrial submission and hearing schedule</u>**:

11    **(12.1)  Last day for lead counsel for the parties to meet and confer in person**

12    **regarding all pre-trial matters (Standing Order):**

13    **Plaintiff Fluke**: November 5, 2008

14    **Defendant Mangelsen**: May 30, 2009

15    **(12.2)  Last day to file and serve trial briefs, motions in limine, discovery responses**

16    **to be used at trial, voir dire, jury questions and jury instructions and verdict forms**

17    **(if applicable), proposed findings of fact and conclusions of law (if appropriate),**

18    **joint pretrial statement:**

19    **Plaintiff Fluke:** November 19, 2008

20    **Defendant Managelsen**:  Final lists of witnesses and exhibits

21    under FRCP 26(a)(3) must be served no later than 30 days prior to

22    trial, and objections to these lists must be served 15 days thereafter.

23    **(12.3)  Last day file and serve oppositions to motions in limine, objections to use of**

24    **discovery at trial, counter-designations of discovery to be used at trial, objections to**

25    **proposed: voir dire, jury questions and instructions, jury verdict forms, objections**

26    **to findings of fact and conclusions of law and to the authenticity or admissibility of**

27    **any proposed trial exhibits:**

28

1    **Plaintiff Fluke:** November 26, 2008

2    Final lists of witnesses and exhibits under FRCP 26(a)(3) must be

3    served no later than 30 days prior to trial, and objections to these

4    lists must be served 15 days thereafter.

5    **(12.4)**    **Trial:  Plaintiff Fluke:** December 9, 2008.  Plaintiff anticipates

6    trial to last approximately 1-2 days.

7    **Defendant Managelsen**:  Managelsen requests that the Court set

8    this matter for trial no sooner than June, 2009.  Defendant requests

9    a jury, and anticipates trial to last approximately 4-5 days.

10

11   DATED:  June 30, 2008           Respectfully submitted,
                                     BARBER LAW GROUP

12

13                                   _____/s/ Bryan M. Barber_____

14                                   Bryan M. Barber
                                     Attorneys for Plaintiff
15                                   FLUKE ELECTRONICS CORPORATION

16

17

18   DATED:  June 30, 2008           Respectfully submitted,
                                     MORAGAN FRANICH FREDKIN & MARSH

19

20                                   _____/s/ Donn Waslif_____

21                                   Donn Waslif
                                     Attorneys for Defendant
22                                   STEPHEN MANGELSEN

23

24

25

26

27

28

# CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with the following Order:

**(11.1) Fact discovery:**

> **(11.1.2)    Inspection/document demands of non-parties:**
>
> There is no limit provided in the FRCP.  If the number of requests directed at a party becomes onerous or it appears that the discovery requests are being used to harass a party, then there should be a meet/confer.

> **(11.1.3)    Depositions of parties and non-parties:**
>
> FRCP 30-each party may take 10 depositions with a limitation of 7 hours (of actual deposition time) for each deposition.

> **(11.1.4)    Interrogatories:**
>
> Limited to 35, unless additional necessary for good cause.

> **(11.1.5)    Requests for admissions:**
>
> Limited to 35, unless additional necessary for good cause.

> **(11.1.6)    Close of fact discovery:**
>
> _____

> **(11.1.7)    Last day for hearing on fact discovery motions:**
>
> _____

**(11.2)  Expert discovery:**

> **(11.2.1)    The Parties' initial disclosure of expert witnesses and reports:**
>
> _____

> **(11.2.2)    The Parties' disclosure of rebuttal expert witnesses and reports:**
>
> _____

**PLAINTIFF FLUKE ELECTRONICS COPORATION'S AND DEFENDANT STEPHEN MANGELSEN'S JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

**(11.2.3)**  **Last day for deposition of experts:**

_____

**(11.2.4)**  **Last day for hearing on expert discovery motions:**

_____

### PRETRIAL SUBMISSIONS AND HEARINGS

**12. The parties agree to the following pretrial submission and hearing schedule:**

**(12.1)  Last day for lead counsel for the parties to meet and confer in person regarding all pre-trial matters (Standing Order):**

_____

**(12.2)  Last day to file and serve trial briefs, motions in limine, discovery responses to be used at trial, voir dire, jury questions and jury instructions and verdict forms (if applicable), proposed findings of fact and conclusions of law (if appropriate), joint pretrial statement:**

_____

**(12.3)  Last day file and serve oppositions to motions in limine, objections to use of discovery at trial, counter-designations of discovery to be used at trial, objections to proposed: voir dire, jury questions and instructions, jury verdict forms, objections to findings of fact and conclusions of law and to the authenticity or admissibility of any proposed trial exhibits:**

_____

**(12.4)  Trial:**  _____

In addition the Court orders:

///

///

///

1

2    DATED:  July ___, 2008

3

4    _____

5                          United States District Judge

6    ///

7

8    2023261

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF FLUKE ELECTRONICS COPORATION'S AND DEFENDANT STEPHEN**
**MANGELSEN'S JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**