DONN WASLIF, ESQ. [State Bar No. 164538]
GRETCHEN BIRKHEIMER, ESQ. [State Bar No. 222184]
MORGAN, FRANICH, FREDKIN & MARSH
99 Almaden Boulevard, Suite 1000
San Jose, California  95113-1613
Telephone:(408) 288-8288
Facsimile:  (408) 288-8325

Attorneys for Defendant and Counter-Claimant
STEPHEN MANGELSEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUKE ELECTRONICS CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>STEPHEN MANGELSEN, a California resident,<br><br>                    Defendant. | NO. C0-8-01188 JW<br><br>**ANSWER TO COMPLAINT** |
| STEPHEN MANGELSEN, a California resident,<br><br>                    Counter-Claimant,<br><br>vs.<br><br>CLIFTON WARREN, a California resident; FLUKE ELECTRONICS CORPORATION, a Delaware corporation; inclusive,<br><br>                    Counter-Defendants. | |

Defendant STEPHEN MANGELSEN answers the unverified Complaint of

FLUKE ELECTRONICS CORPORATION as follows:

1.      Defendant denies each and every allegation on the basis of lack of personal

knowledge and lack of sufficient information.

1  knowledge and lack of sufficient information.

2     2.    Admit that Defendant is an individual residing in Ben Lomond, California.

3  Deny that Defendant was a party to a shareholder settlement agreement with Fluke

4  Corporation entered into on September 14, 2007.

5     3.    Each and every allegation is denied.

6     4.    Each and every allegation is denied.

7     5.    Admitted that assuming Plaintiff has established jurisdiction, which is expressly

8  denied, venue is proper as to this District.

9     6.    Admit that Defendant resides in Santa Cruz County.   Denied as to all other

10  allegations.

11     7.    Defendant hereby incorporates by reference his denials and admissions of said

12  paragraphs herein.

13     8.    Admitted.

14     9.    Admitted.

15     10.    Defendant denies each and every allegation on the basis of lack of personal

16  knowledge and lack of sufficient information.

17     11.    Each and every allegation is denied.

18     12.    Defendant denies each and every allegation on the basis of lack of personal

19  knowledge and lack of sufficient information.

20     13.    Defendant denies each and every allegation on the basis of lack of personal

21  knowledge and lack of sufficient information.

22     14.    Admitted that Defendant has received several demands in writing.  Admit that

23  Defendant has refused to pay Plaintiff any amount.  Denied that any amount is due and owing

24  under The Agreement.

25     15.    Each and every allegation is denied.

26     16.    Each and every allegation is denied.

27     17.    Defendant denies each and every allegation on the basis of lack of personal

28  knowledge and lack of sufficient information.

1  18.  Each and every allegation is denied.

2  19.  Each and every allegation is denied.

3  20.  Each and every allegation is denied.

4  21.  Denied that Defendant breached the agreement. Denied that Fluke has incurred

5  any damages. Defendant denies each and every remaining allegation on the basis of lack of

6  personal knowledge and lack of sufficient information.

7  22.  Defendant hereby incorporates by reference his denials and admissions of said

8  paragraphs herein.

9  23.  Each and every allegation is denied.

10  24.  Each and every allegation is denied.

11  **PLAINTIFF'S PRAYER FOR RELIEF**

12  Defendant denies that Plaintiff was damaged in the nature and amount alleged, if at all.

13  Defendant denies that Plaintiff is entitled to any of the relief requested.

14  Defendant alleges that Plaintiff takes nothing by its Complaint.

15  **AFFIRMATIVE DEFENSES**

16  For a first separate and distinct affirmative defense to Plaintiff's Complaint, Defendant

17  MANGELSEN alleges that Plaintiff has failed to state facts sufficient to constitute a cause of

18  action.

19  For a second separate and distinct affirmative defense to Plaintiff's Complaint,

20  Defendant MANGELSEN alleges that Plaintiff has unclean hands.

21  For a third separate and distinct affirmative defense to Plaintiff's Complaint, Defendant

22  MANGELSEN alleges that Plaintiff is estopped from bringing this action.

23  For a fourth separate and distinct affirmative defense to Plaintiff's Complaint,

24  Defendant MANGELSEN alleges that Plaintiff has failed to mitigate its damages, if any.

25  For a fifth separate and distinct affirmative defense to Plaintiff's Complaint, Defendant

26  MANGELSEN alleges that the claims are barred by the applicable statute of limitations.

27  For a sixth separate and distinct affirmative defense to Plaintiff's Complaint, Defendant

28  MANGELSEN alleges that Plaintiff failed to meet and perform all necessary covenants,

1 | conditions and promises required by it to be performed in accordance with the terms and
2 | conditions of the contract.

3 |      For a seventh separate and distinct affirmative defense to Plaintiff's Complaint,
4 | Defendant MANGELSEN alleges that Plaintiff breached the alleged contract that is the subject
5 | of this alleged Complaint.

6 |      For an eighth separate and distinct affirmative defense to Plaintiff's Complaint,
7 | Defendant MANGELSEN alleges that he never agreed that he was indebted to Plaintiff for any
8 | sum.

9 |      For a ninth separate and distinct affirmative defense to Plaintiff's Complaint, Defendant
10 | MANGELSEN alleges that Plaintiff is barred from any recover against Defendant because
11 | Plaintiff was not in contractual privity with Defendant.

12 | **DEFENDANT'S PRAYER FOR RELIEF**

13 |      WHEREFORE, Defendant prays as follows:

14 |      1.    That Plaintiff take nothing by its Complaint and that judgment be rendered in
15 | favor of Defendant;

16 |      2.    That Defendant be awarded his attorneys' fees and costs of suit incurred in
17 | defense of this action; and

18 |      3.    For other relief as the Court deems proper.

19 | Dated: June 30, 2008          MORGAN, FRANICH, FREDKIN & MARSH

20 |

21 |             By _____

22 |             DONN WASLIF
            Attorneys for Defendant and Counter-Claimant,
            STEPHEN MANGELSEN

23 |
24 |
25 |
26 |
27 |
28 |

1 | DONN WASLIF, ESQ. [State Bar No. 164538]
GRETCHEN E. BIRKHEIMER, ESQ. [State Bar No. 222184]
2 | MORGAN, FRANICH, FREDKIN & MARSH
99 Almaden Boulevard, Suite 1000
3 | San Jose, California  95113-1613
Telephone:(408) 288-8288
4 | Facsimile:  (408) 288-8325

5 | Attorneys for Defendant
STEPHEN MANGELSEN

6

7

8 | UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

10

11 | FLUKE ELECTRONICS
CORPORATION, a Washington
corporation,

NO. C0-8-01188 JW

**CERTIFICATE OF SERVICE BY MAIL**

12

13 | Plaintff,

vs.

14

15 | STEPHEN MANGELSEN, a California
resident,

16 | Defendant.

17

18 | I, the undersigned, hereby certify that I am over the age of eighteen years and not a

19 | party to the within action. My business address is 99 Almaden Boulevard, Suite 1000, San

20 | Jose, California 95113-1606.

21 | On the date indicated below, I served by mail a true copy of the following document:

22 | **ANSWER TO COMPLAINT**

23 | I am readily familiar with the practice of this business for collection and processing of

24 | documents for mailing with the United States Postal Service.  Documents so collected and

25 | processed are placed for collection and deposit with the United States Postal Service that same

26 | day in the ordinary course of business.  The above-referenced document(s) were placed in (a)

27 | sealed envelope(s) with postage thereon fully prepaid, addressed to each of the below listed

28 | parties and such envelope(s) was (were) placed for collection and deposit with the United

1   States Postal Service on the date listed below at San Jose, California.

2   **Attorneys for Plaintiff, FLUKE ELECTRONICS CORPORATION**

3   Bryan M. Barber
    BARBER LAW GROUP
4   101 California Street, Suite 810
    San Francisco, CA 94111-5802

5
    415-273-2930 P
6   415-273-2940 F
    bbarber@barberlg.com
7
            Executed on **July 8, 2008** , at San Jose, California.  I declare that I am employed in the
8
    office of a member of the bar of this court at whose direction the service was made.
9

10

11                                        DONNA OLSON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28