DONN WASLIF, ESQ. [State Bar No. 164538]
GRETCHEN BIRKHEIMER, ESQ. [State Bar No. 222184]
MORGAN, FRANICH, FREDKIN & MARSH
99 Almaden Boulevard, Suite 1000
San Jose, California 95113-1613
Telephone: (408) 288-8288
Facsimile: (408) 288-8325

Attorneys for Defendant and Cross-Complainant
STEPHEN MANGELSEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUKE ELECTRONICS CORPORATION, a Washington corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>STEPHEN MANGELSEN, a California resident,<br><br>  Defendant. | NO. C0-8-01188 JW<br><br>**CROSS-COMPLAINT OF STEPHEN MANGELSEN** |
| STEPHEN MANGELSEN, a California resident,<br><br>  Cross-Complainant,<br><br>vs.<br><br>CLIFTON WARREN, a California resident; FLUKE ELECTRONICS CORPORATION, a Delaware corporation; inclusive,<br><br>  Cross-Defendants. | |

Cross-Complainant STEPHEN MANGELSEN ("Mangelsen") alleges as follows:

### THE PARTIES

1.   Cross-Complainant Mangelsen is, and at all relevant times herein alleged was, an individual residing in, and a citizen of, the County of Santa Cruz, State of California.

---
CROSS-COMPLAINT OF STEPHEN MANGELSEN          1

2. Cross-Defendant FLUKE ELECTRONICS CORPORATION ("Fluke") has alleged that it is, and at all relevant times herein alleged was, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Washington, and a citizen of the State of Washington.

3. Cross-Defendant CLIFTON WARREN ("Warren") is, and at all relevant times herein alleged was, an individual residing in, and a citizen of, the State of California.

## NATURE OF THE ACTION

4. This is an action for breach of contract, breach of fiduciary duty, equitable indemnity, and for an accounting, arising out of Cross-Defendant Warren's breach of fiduciary duties to Mangelsen, and Cross-Defendant Fluke's breach of contract.

## GENERAL ALLEGATIONS

5. Cross-Complainant Mangelsen is the former Chief Financial Officer and owner of 5.919% of the equity in Raytek, Inc. Pursuant to a written Merger Agreement dated August 22, 2002, Cross-Defendant Fluke purchased all of Raytek's stock. Prior to the merger, Fluke negotiated with the individual holders of Raytek's common stock ("Common Equityholders") for indemnity for potential losses arising from existing patent infringement claims filed against Raytek.

6. Pursuant to the Merger Agreement, the Common Equityholders agreed to retain $5,000,000 of the Raytek purchase price, including Mangelsen's proportionate share, in an interest-bearing escrow account to defray up to $5,000,000 of any legitimate indemnity claims as provided in the agreement. The monies in the escrow account not subject to legitimate indemnification claims by Fluke were to be released and distributed to the Common Equityholders at regular intervals, with the full and final distribution taking place on March 31, 2004.

7. The Merger Agreement provides for the establishment of a $400,000 fund to cover Warren's legitimate expenses incurred in acting as an agent for the Common Equityholders in connection with defense of legitimate patent infringement claims.

8. In 2004 and 2005, Fluke claims to have settled the patent infringement claims.

9. On or about April 10, 2006, Fluke filed a demand for arbitration with the American Arbitration Association against Mangelsen, Warren and the other Common Equityholders, alleging claims for indemnity. Mangelsen was not served with the demand. Warren, who was served, purported to act as agent for Mangelsen and the other Common Equityholders to defend and settle the arbitration.

10. Warren did not inform Mangelsen of the status of the arbitration proceedings or notify Mangelsent that he and Fluke were entering into settlement negotiations, nor the terms of such negotiations.

11. On or about September 14, 2007, Warren notified Mangelsen and the other Common Equityholders that he had reached a settlement with Fluke/Raytek. A written Settlement Agreement was entered on or about September 14, 2007 between Cross-Defendant Fluke, Cross-Defendant Warren individually and purportedly as agent of the Common Equityholders, Raytek Corporation, and other Raytek stock holders. The Settlement Agreement required Raytek stock holders to pay Fluke a total of $11,250,000.

12. Pursuant to the terms of the Settlement Agreement, the Common Equityholders were to be responsible for $1,879,615 of the settlement amount, to be contributed *pro rata* in accordance with each equityholder's percentage of Raytek common stock owned at the time of the merger. Mangelsen's share of the equityholders' portion of the settlement was claimed to be $388,000, based on Mangelsen's 5.919% ownership of Raytek common stock on the date of the merger.

13. Cross-Complainant is informed and believes and thereon alleges that Fluke/Raytek's settlement of patent claims included the settlement of claims or rights/obligations that arose after the Merger Agreement.

14. Warren did not notify Mangelsen of the settlement terms or seek Mangelsen's approval or consent before purporting to execute the Settlement Agreement on behalf of Mangelsen and the other Common Equityholders. Mangelsen did not learn of the arbitration or the settlement until after Warren notified him that an agreement had been executed.

15. On or about February 28, 2008, Fluke filed a complaint against Cross-

Complainant in the Northern District of California seeking damages for breach of the Settlement Agreement and declaratory relief.

### FIRST CAUSE OF ACTION
### Common Counts – Money Received and Accounting
### (Against Fluke)

16. Cross-Complainant incorporates each of the allegations set forth in paragraphs 1 through 15 above.

17. Fluke alleges that it has exhausted the $5,000,000 set aside pursuant to the Merger Agreement to defray legitimate patent infringement claims. An accounting is necessary to determine the nature and extent of Fluke's exhaustion of said funds.

18. Within the last four years, Cross-Defendant Fluke became indebted to Mangelsen in the minimum sum of $295,950 for money had and received by Defendant Fluke from the $5,000,000 set aside to defray legitimate patent infringement claims.

19. No payment of any part of said sum has been made by Cross-Defendant Fluke to Mangelsen, and there is now owing the minimum sum of $295,950, with interest on that amount at the rate of 10% per year from August 22, 2002.

20. If Fluke is not required to repay Mangelsen, Fluke will be unjustly enriched.

### SECOND CAUSE OF ACTION
### Breach of Contract
### (Against Fluke)

21. Cross-Complainant incorporates each of the allegations set forth in Paragraphs 1 through 15 above.

22. Mangelsen has performed each obligation required of him to be performed under the Merger Agreement, except those which he was prevented or excused from performing.

23. Cross-Defendant Fluke breached the Merger Agreement by failing and refusing to consent to release of the monies set aside in escrow, which the Merger Agreement required to be distributed to the Common Equityholders at regular intervals in regular amounts, with the final distribution to take place on March 31, 2004. Cross-Complainant is informed and believes and thereon alleges that none of the monies in the escrow account, including the accumulated interest, have been distributed to the Common Equityholders.

24. As a result of Fluke's breach, Mangelsen has been damaged according to proof and believed to be in the minimum sum of $295,950, with interest thereon at the legal rate.

### THIRD CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against Warren)

25. Cross-Complainant incorporates each of the allegations set forth in paragraphs 1 through 15 above.

26. As the agent of Mangelsen and the other Common Equityholders, Warren bore the Common Equityholders the fiduciary duties of loyalty, honesty and full disclosure of all material facts and circumstances of transactions undertaken in the course of his agency.

27. Warren breached his fiduciary duties to Mangelsen by failing to inform Mangelsen of the status of the patent litigation, the existence and status of the Fluke arbitration, counsel's assessment of the Common Equityholders' liability and/or defenses in the Fluke arbitration, and the Common Equityholders' potential exposure in the Fluke arbitration; failing to act in the Common Equityholders' best interest; and failing to place the Common Equityholders' interests above his own in settling the arbitration claims.

28. As a result of Warren's breach of his fiduciary duty of full disclosure, Mangelsen has been damaged in the amount of Mangelsen's *pro rata* share of the $5,000,000 patent litigation defrayment fund, in addition to Mangelsen's attorneys fees and costs incurred defending against Fluke's complaint. Said sum is presently unknown and Mangelsen will seek leave to amend this Cross-Complaint when said sum becomes known.

29. In doing the things herein alleged, Cross-Defendant acted with malice and oppression, willfully and with the intent to cause injury to Mangelsen. Cross-Defendant were therefore guilty of malice, oppression and fraud in conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Cross-Defendant and deter others from engaging in similar conduct.

### FOURTH CAUSE OF ACTION
### Accounting
### (Against Warren)

30. Cross-Complainant incorporates each of the allegations set forth in paragraphs

1 through 15 above.

31. Cross-Complainant has demanded an accounting from Cross-Defendant Warren relative to the $400,000 entrusted to him for legal expenses to monitor the patent infringement claims. Cross-Defendant Warren has failed and refused and continues to fail and refuse to fully account for all expenditures and receipts of said sum.

32. Cross-Complainant demands and hereby requests that an accounting be made and that the reasonable value of the legal services claimed by Warren be determined. Cross-Complainant further demands and hereby requests the return of monies inappropriately expended.

33. Cross-Defendant has failed and refused to return such excess funds and the Court, through an accounting, needs to determine the nature and extent of that excess and order Cross-Complainant's *pro rata* share to be returned to Cross-Complainant.

### FIFTH CAUSE OF ACTION
### Implied Indemnity
### (Against Warren)

34. Cross-Complainant incorporates each of the allegations set forth in paragraphs 1 through 15 and 25 through 33 above.

35. Cross-Complainant became subjected to claims for breach of contract and declaratory relief by Fluke as a result of Cross-Defendant Warren's wrongful activities and breach of fiduciary duties as hereinabove alleged.

36. The alleged damage suffered by Fluke, and for which Cross-Complainant is alleged to be liable, was caused primarily and ultimately by the conduct of Warren, not by the conduct of Cross-Complainant. Cross-Complainant has further suffered additional costs and attorneys fees in defending against and in the satisfaction of Fluke's claims.

37. By reason of the foregoing, Cross-Complainant is entitled to indemnity from the Cross-Defendant subject to proof but believed to be in excess of $600,000.

### PRAYER FOR RELIEF

WHEREFORE, Cross-Complainant prays as follows;

1. For general damages according to proof;

2. For special damages according to proof;

3. For punitive damages according to proof;

4. For costs of suit incurred herein;

5. For attorneys' fees incurred herein;

6. For an accounting of the funds set aside for Cross-Defendant Warren's use in acting as agent; and

7. For such other and further relief as the Court may deem just and proper.

Dated: July 7, 2008    MORGAN, FRANICH, FREDKIN & MARSH

By _____
DONN WASLIF
Attorneys for Defendant and Cross-Complainant,
STEPHEN MANGELSEN

DONN WASLIF, ESQ. [State Bar No. 164538]
GRETCHEN E. BIRKHEIMER, ESQ. [State Bar No. 222184]
MORGAN, FRANICH, FREDKIN & MARSH
99 Almaden Boulevard, Suite 1000
San Jose, California 95113-1613
Telephone: (408) 288-8288
Facsimile: (408) 288-8325

Attorneys for Defendant
STEPHEN MANGELSEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUKE ELECTRONICS CORPORATION, a Washington corporation,<br><br>　　　　　Plaintff,<br><br>vs.<br><br>STEPHEN MANGELSEN, a California resident,<br><br>　　　　　Defendant. | NO. C0-8-01188 JW<br><br>**CERTIFICATE OF SERVICE BY MAIL** |

　　　I, the undersigned, hereby certify that I am over the age of eighteen years and not a party to the within action. My business address is 99 Almaden Boulevard, Suite 1000, San Jose, California 95113-1606.

　　　On the date indicated below, I served by mail a true copy of the following document:

**SUMMONS IN A CIVIL ACTION and**

**CROSS-COMPLAINT OF STEPHEN MANGELSEN**

　　　I am readily familiar with the practice of this business for collection and processing of documents for mailing with the United States Postal Service. Documents so collected and processed are placed for collection and deposit with the United States Postal Service that same day in the ordinary course of business. The above-referenced document(s) were placed in (a) sealed envelope(s) with postage thereon fully prepaid, addressed to each of the below listed

---

CERTIFICATE OF SERVICE　　　　　　　　　　1

1 | parties and such envelope(s) was (were) placed for collection and deposit with the United
2 | States Postal Service on the date listed below at San Jose, California.
3 | **Attorneys for Plaintiff, FLUKE ELECTRONICS CORPORATION**
4 | Bryan M. Barber
  | BARBER LAW GROUP
5 | 101 California Street, Suite 810
  | San Francisco, CA 94111-5802
6 |
7 | 415-273-2930 P
  | 415-273-2940 F
  | bbarber@barberlg.com
8 |
9 | Executed on **July 8, 2008**, at San Jose, California. I declare that I am employed in the
10| office of a member of the bar of this court at whose direction the service was made.

_____
DONNA OLSON

---

CERTIFICATE OF SERVICE        2

Clear Form

AO 440 (Rev. 03/08) Civil Summons (cand 6/08)

# UNITED STATES DISTRICT COURT
for the

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUKE ELECTRONICS CORPORATION, a Washington corporation,<br><br>Plaintiff<br>v.<br>STEPHEN MANGELSEN, a California resident,<br>Defendant<br>AND RELATED CROSS-ACTION<br>~~Defendant~~ | Civil Action No. CO-8-01188 JW |

**Summons in a Civil Action**

To: Cross-Defendant, CLIFTON WARREN, a California resident

*(Defendant's name)*

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_____
Richard W. Wieking
Name of clerk of court

Date: _____

_____
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

✎ AO 440 (Rev. 03/08)  Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____ , by:

    (1) personally delivering a copy of each to the individual at this place, _____ ; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____ who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is _____ ; or

    (4) returning the summons unexecuted to the court clerk on _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address