1  Bryan M. Barber (State Bar No. 118001)
   (bbarber@barberlg.com.)
2  BARBER LAW GROUP
   101 California Street, Suite 810
3  San Francisco, California 94111-5802
   Telephone:   (415) 273-2930
4  Facsimile:   (415) 273-2940

5  Attorneys for Plaintiff
   FLUKE ELECTRONICS CORPORATION

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUKE ELECTRONICS CORPORATION a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MANGELSEN, a California resident,<br><br>Defendant. | Case No.: C 08 01188 JW<br><br>**FLUKE ELECTRONICS CORPORATION'S NOTICE OF AND BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (RULE 12(b)(6))** |
| STEPHEN MANGELSEN, a California resident,<br><br>Cross-Complainant,<br><br>v.<br><br>CLIFTON WARREN, a California resident; FLUKE ELECTRONICS CORPORATION, a Delaware corporation; inclusive,<br><br>Cross-Defendants. | Hearing Date:   September 15, 2008<br>Hearing Time:   9:00 a.m.<br>Department:   8<br>Judge:   Hon. James Ware |

To DEFENDANT/COUNTER CROSS-CLAIMANT Stephen Mangelsen ("Mangelsen"):

PLEASE TAKE NOTICE that on September 15, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable James Ware, Department 8, located at 280 South 1st Street, San Jose, California 95113, plaintiff Fluke Electronics

1  Corporation ("Fluke") will move for an order dismissing the First and Second Causes of Action
2  in Mangelsen's cross-complaint.

### STATEMENT OF RELIEF SOUGHT

Fluke moves to dismiss the First and Second Causes of Action in Mangelsen's cross-complaint alleging common counts and breach of contract on the grounds that they fail to state claims upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The common counts cause of action alleges that an accounting is necessary to determine the nature and extent of Fluke's exhaustion of funds set aside in escrow pursuant to the Merger Agreement to defray legitimate patent infringement claims, but no accounting is required or provided for in the Merger Agreement. In addition, the distribution, accounting, and exhaustion of said funds have been fully settled pursuant to the terms set forth in paragraph 1(a) of the September 14, 2007 settlement agreement. The breach of contract action alleges that Fluke breached the Merger Agreement by failing and refusing to consent to release of the monies set aside in escrow, which the Merger Agreement required to be distributed to the Common Equityholders at regular intervals in regular amounts. However, the funds in escrow have been released to the Common Equityholders pursuant to the terms set forth in paragraph 1(a) of the September 14, 2007 settlement agreement. Pursuant to the settlement agreement the escrow funds were released from the fund and credited to the settlement. This release of funds was executed by all parties, including Cliff Warren, the representative for the Common Equityholders as defined in the Merger Agreement. Accordingly, Fluke moves to dismiss the common counts and breach of contract causes of action in Mangelsen's cross-complaint.

### MEMORANDUM OF POINTS AND AUTHORITIES

### ISSUES TO BE DECIDED

Should the First Cause of Action in Mangelsen's cross-complaint alleging common counts be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6)?

1  Should the Second Cause of Action in Mangelsen's cross-complaint alleging breach of
2  contract be dismissed for failure to state a claim upon which relief can be granted pursuant to
3  Fed. R. Civ. P. 12(b)(6)?

## STATEMENT OF FACTS

5  Plaintiff Fluke filed a complaint for breach of contract and declaratory relief on February
6  28, 2008. (Document 1) The complaint alleges breach of contract against Mangelsen for failure
7  to pay to Fluke Corporation his pro rata share of the total payment of the settlement between the
8  former Raytek shareholders, including Mr. Mangelsen, and Fluke, in accordance with the terms
9  of the September 14, 2007 Settlement Agreement. Attached as **Exhibit A** is a copy of the
10 Settlement Agreement.

11 Defendant Mangelsen has filed a cross-complaint against Fluke asserting two causes of
12 action-common counts and breach of contract. (Document 26)

13 Defendant Mangelsen's First Cause of Action alleging common counts alleges that an
14 accounting is necessary to determine the nature and extend of Fluke's exhaustion of funds set
15 aside in escrow pursuant to the Merger Agreement to defray legitimate patent infringement
16 claims, but no accounting is required or provided for in the Merger Agreement.

17 Defendant Mangelsen's Second Cause of Action alleging breach of contract alleges Fluke
18 breached the Merger Agreement by failing and refusing to consent to release the monies set aside
19 in escrow pursuant to the Merger Agreement to defray legitimate patent infringement claims.

## CONTRACTS AT ISSUE

21 In a case involving a contract, the court may examine the contract documents in deciding
22 a motion to dismiss. *See In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir.2002;
23 *Rosenblum v. Travelbyus.com, Ltd.*, 299., 299 F.3d 657, 661 (7th Cir.2002). The court may also
24 take judicial notice of public records and may thus consider them on a motion to dismiss.
25 *Faibisch v. Univer. Of Minn.*, 304 F.3d 797, 802-03 (8th Cir.2002). In this matter, both the
26 complaint and defendant's cross-complaint plead and discussed the Settlement Agreement. As
27 such, the court may examine this contract in deciding this motion to dismiss.

28

# ARGUMENT

Fluke moves to dismiss the First and Second Causes of Action in Mangelsen's cross-complaint alleging common counts and breach of contract on the grounds that it fails to state a claim upon which can be granted under Fed. R. Civ. P. 12(b)(6).

### A.     First Cause of Action-Common Counts

Paragraph 17 of the cross-complaint, in reference to the escrow funds set aside pursuant to the Merger Agreement to defray patent infringement claims, alleges, "An accounting is necessary to determine the nature and extent of Fluke's exhaustion of said funds."

Under the terms of the Merger Agreement, there is no requirement for Fluke to provide for an accounting of the funds in the escrow account. Pursuant to the September 14, 2007 Settlement Agreement, the escrow funds were credited to the settlement reached by the parties.

The settlement between the Common Equityholders of Raytek and Fluke provided that the funds in escrow were released to Fluke to offset the amount owed by the Common Equityholders to Fluke. Therefore, the escrow fund was exhausted and defendant Mangelsen has received a credit or setoff against the final settlement for all money had and received by Defendant Fluke from the escrow fund as established by the Merger Agreement. Accordingly, Mangelsen's First Cause of Action does not allege any facts relating to Fluke's alleged failure to provide an accounting of monies from the escrow fund established by the Merger Agreement that would support a claim for common counts.

### B.     Second Cause of Action-Breach of Contract

Paragraph 23 of the cross-complaint alleges that Fluke breached the Merger Agreement

> . . . by failing and refusing to consent to release of the monies set aside in escrow, which the Merger Agreement required to be distributed to the Common Equityholders at regular intervals in regular amounts, with the final distribution to take place on March 31, 2004.

As set forth above, the escrow funds were in fact released to the Fluke for the benefit of the Common Equityholders, including Mangelsen, pursuant to the Merger Agreement and Settlement Agreement. As outlined in paragraph 1(a) of the Settlement Agreement, the total amount of funds remaining in the escrow were released to Fluke and credited to the Common

1  Equityholders, thereby reducing their total financial obligation to Fluke.  Given that the funds in
2  escrow were released to the Common Equityholders, which includes the defendant, there are no
3  facts within the defendant's cross-complaint upon which an action for breach of contract against
4  Fluke by Mangelsen could be supported.
5
6                                              **CONCLUSION**
7      Mangelsen's First and Second Causes of Action alleging common counts and breach of
8  contact should be dismissed.  Each of the alleged grounds for those causes of action fails to state
9  a claim upon which relief can be granted.
10
11  DATED:  August 4, 2008            Respectfully submitted,
12                                   BARBER LAW GROUP
13
14                                          /s/ Bryan M. Barber
                                     Bryan M. Barber
15                                   Attorney for Plaintiff and Cross-Defendant
                                     FLUKE ELECTRONICS CORPORATION
16
17  2023393
18
19
20
21
22
23
24
25
26
27
28

1  Bryan M. Barber (State Bar No. 118001)
   (bbarber@barberlg.com.)
2  BARBER LAW GROUP
   101 California Street, Suite 810
3  San Francisco, California  94111-5802
   Telephone:     (415) 273-2930
4  Facsimile:     (415) 273-2940

5  Attorneys for Plaintiff
   FLUKE ELECTRONICS CORPORATION
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | FLUKE ELECTRONICS CORPORATION a Washington corporation, | Case No.:  C 08 01188 JW |
|---|---|---|
| 12 | Plaintiff, | **MANUAL FILING NOTIFICATION (EXHIBIT A TO FLUKE ELECTRONICS CORPORATION'S NOTICE OF AND BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (RULE 12(b)(6)))** |
| 13 | v. | |
| 14 | STEPHEN MANGELSEN, a California resident, | |
| 15 | Defendant. | |
| 16 | | |
| 17 | STEPHEN MANGELSEN, a California resident, | Hearing Date:  September 15, 2008 Hearing Time:  9:00 a.m. |
| 18 | Cross-Complainant, | Department:    8 Judge:          Honorable Ware |
| 19 | v. | |
| 20 | CLIFTON WARREN, a California resident; FLUKE ELECTRONICS CORPORATION, a Delaware corporation; inclusive, | |
| 21 | Cross-Defendants. | |
| 22 | | |

23

24         RE:  **FLUKE ELECTRONICS CORPORATION'S NOTICE OF AND BRIEF IN**

25  **SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON**

26  **WHICH RELIEF CAN BE GRANTED (RULE 12(b)(6)).**

27         This filing is in paper or physical form only, and being maintained in the case file in the

28  Clerk's office.  If you are a participant in this case, this filing will be served in hard-copy via

1 | regular mail.  For information on retrieving this filing directly from the court, please see the
2 | court's main website at http://www.cand.usgcourts.gov under Frequently Asked Questions
3 | (FAQ).
4 |      This exhibit is not e-filed because it is designated as confidential and to be filed under
5 | seal.

8 | DATED:  August 4, 2008        Respectfully submitted,
9 |                               BARBER LAW GROUP

11 |                              /s/ Bryan M. Barber
                              Bryan M. Barber
12 |                               Attorney for Plaintiff and Cross-Defendant
                              FLUKE ELECTRONICS CORPORATION

14 | 2023394