1  DONN WASLIF, ESQ. [State Bar No. 164538]
   GRETCHEN E. BIRKHEIMER, ESQ. [State Bar No. 222184]
2  MORGAN, FRANICH, FREDKIN & MARSH
   99 Almaden Boulevard, Suite 1000
3  San Jose, California  95113-1613
   Telephone:(408) 288-8288
4  Facsimile:  (408) 288-8325

5  Attorneys for Defendant and Counter-Claimant
   STEPHEN MANGELSEN

6

7

8              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
9

10 FLUKE ELECTRONICS                    NO. C0-8-01188 JW
   CORPORATION, a Washington
11 corporation,                         **STEPHEN MANGELSEN'S,
                                        OPPOSITION TO FLUKE
12                Plaintiff,            ELECTRONICS CORPORATION'S
                                        MOTION TO DISMISS FOR
13 vs.                                  FAILURE TO STATE A CLAIM
                                        UPON WHICH RELIEF CAN BE
14 STEPHEN MANGELSEN, a California      GRANTED
   resident,                           (RULE 12(b)(6))**
15
                  Defendant.           Date:      September 15, 2008
16                                     Time:      9:00 a.m.
                                       Dept:      8
17                                     Judge:     Hon. James Ware
   AND RELATED COUNTER CLAIM.
18

19

20 ## I.    INTRODUCTION

21         Defendant and Cross-Complainant STEPHEN MANGELSEN ("Mangelsen") opposes

22 Plaintiff and Cross-Defendant's, FLUKE ELECTRONICS CORPORATION ("Fluke")

23 Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, as

24 follows:

25 ## II.   ARGUMENT

26         Fluke's motion, consisting of approximately one page of argument, is based entirely on

27 its unsupported factual assertions contradicting the factual allegations of the Cross-Complaint.

28 This is not a proper basis for a motion to dismiss.  The motion should be denied.

**A.    A Motion to Dismiss Is Liberally Construed in the Complainant's Favor**

In analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true all material allegations in the complaint. *Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F.3d 696, 699. The court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School Dist.* (9th Cir. 1994) 37 F.3d 517, 521.    When a complaint's allegations are capable of more than one inference, the court must adopt whichever inference supports a valid claim.    *Columbia Natural Resources, Inc. v. Tatum* (6th Cir. 1995) 58 F.3d 1101, 1109.

The question of the complainant's ability to prove his or her allegations, or possible difficulties in making such proof, is generally of no concern in ruling on a Rule 12(b)(6) motion. *Allison v. California Adult Authority* (9th Cir. 1969) 419 F.2d 822, 823.

**B.    Mangelsen's First Cause of Action States a Claim upon Which Relief Can Be Granted**

Fluke cites the Settlement Agreement and an apparently contemporaneous letter (neither of which are authenticated) as "evidence" that the monies in the escrow account, a portion of which should have been distributed to Mangelsen pursuant to the terms of the Merger Agreement (Cross-Complaint, ¶6), have been exhausted such that no accounting is necessary.

The First Cause of Action incorporates common counts for money received (money Fluke improperly removed from the escrow account without Mangelsen's consent or knowledge) and an accounting (to establish the nature and extent of such withdrawals). Even assuming *arguendo* that Fluke's factual assertions regarding the "credit" of the monies in the escrow account are correct, $315,660 was apparently previously distributed to Fluke from the escrow account prior to execution of the Settlement Agreement. Taking the material factual allegations of the Cross-Complaint as true, as is required on a Rule 12(b)(6) motion, there remains *at least* $315,660 to be accounted for.    *Pareto, supra,* 139 F.3d at 699.

Further, the First Cause of Action incorporates Mangelsen's allegations that the Merger Agreement required the monies in the escrow account to be distributed to the Common

1  Equityholders over a period of time, ending in March, 2004, (¶6) and that Mangelsen did not

2  know about or consent to the Settlement Agreement, thus raising the issue of Fluke's

3  entitlement to the monies in the escrow account.  Fluke does not contradict these allegations,

4  and the court is required to accept them as true for purposes of this motion.

5      Accordingly, relief may be properly granted as to Mangelsen's First Cause of Action.

6  The motion should be denied.

7

8  **C.    Mangelsen's Second Cause of Action States a Claim upon Which Relief
          Can Be Granted**

9      The allegations of the Second Cause of Action are straightforward.  Mangelsen alleges

10  at Paragraph 6 of the Cross-Complaint (which is incorporated into the Second Cause of Action

11  by reference) that Fluke was required, pursuant to the Merger Agreement, to agree to periodic

12  distributions of the funds in the escrow account to the Common Equityholders, of whom

13  Mangelsen was a member, and that the funds not used were to be fully distributed by March

14  31, 2004.  At Paragraph 23, Mangelsen alleges that Fluke breached the Merger Agreement by

15  failing to consent to such distributions.

16      To the extent that Fluke suggests that the "credit" of the remaining funds in the escrow

17  account to the Common Equityholders in the Settlement Agreement constitutes a "distribution"

18  to the Common Equityholders, there are two significant flaws with this position.

19      First, Fluke ignores the fact that its breach is alleged to have arisen in its failure to

20  consent to the distributions contemplated by the Merger Agreement, a breach which continued

21  up to and through execution of the Settlement Agreement.  Again, taking the allegations of the

22  Cross-Complaint as true, relief can clearly be granted as to this allegation and thus the motion

23  is improper.

24      Second, Fluke misreads the thrust of Mangelsen's claims:   that Mangelsen neither

25  knew about nor approved the Settlement Agreement between Fluke and other equityholders

26  which purported to bind Mangelsen to pay Fluke $388,000.  Since Mangelsen did not approve

27  the Settlement Agreement, he can hardly be said to have *received* a "distribution" in the form

28  of a "credit" to the amount he was deemed to "owe" Fluke under the Agreement.  Mangelsen

1    is entitled to put on proof that Fluke's actions breached the Merger Agreement.

2        The motion should be denied.

3    **III.    CONCLUSION**

4        For all of the foregoing reasons, Fluke's motion to dismiss should be denied. In the

5    event that the Court is inclined to grant the motion, Mangelsen requests leave to amend the

6    Cross-Complaint.

7    Dated: August 25, 2008            MORGAN, FRANICH, FREDKIN & MARSH

8

9                                    By _____

10                                       DONN WASLIF
                                       Attorneys for Defendant and Counter-Claimant,
                                       STEPHEN MANGELSEN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DONN WASLIF, ESQ. [State Bar No. 164538]
   GRETCHEN E. BIRKHEIMER, ESQ. [State Bar No. 222184]
2  MORGAN, FRANICH, FREDKIN & MARSH
   99 Almaden Boulevard, Suite 1000
3  San Jose, California  95113-1613
   Telephone:(408) 288-8288
4  Facsimile:  (408) 288-8325

5  Attorneys for Defendant
   STEPHEN MANGELSEN
6

7

8                  UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
9

10

11 FLUKE ELECTRONICS                   NO. C0-8-01188 JW
   CORPORATION, a Washington
   corporation,                       **CERTIFICATE OF SERVICE BY MAIL**
12
                 Plaintff,
13
   vs.
14
   STEPHEN MANGELSEN, a California
15 resident,

16               Defendant.

17

18         I, the undersigned, hereby certify that I am over the age of eighteen years and not a

19 party to the within action.  My business address is 99 Almaden Boulevard, Suite 1000, San

20 Jose, California 95113-1606.

21     On the date indicated below, I served by mail a true copy of the following document:

22     **STEPHEN MANGELSEN'S, OPPOSITION TO FLUKE ELECTRONICS**

23  **CORPORATION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

24          **UPON WHICH RELIEF CAN BE GRANTED**

25                    **(RULE 12(b)(6))**

26     I am readily familiar with the practice of this business for collection and processing of

27 documents for mailing with the United States Postal Service.  Documents so collected and

28 processed are placed for collection and deposit with the United States Postal Service that same

1 day in the ordinary course of business. The above-referenced document(s) were placed in (a)

2 sealed envelope(s) with postage thereon fully prepaid, addressed to each of the below listed

3 parties and such envelope(s) was (were) placed for collection and deposit with the United

4 States Postal Service on the date listed below at San Jose, California.

5 **Attorneys for Plaintiff, FLUKE ELECTRONICS CORPORATION**

6 Bryan M. Barber
BARBER LAW GROUP
7 101 California Street, Suite 810
San Francisco, CA 94111-5802
8
415-273-2930 P
9 415-273-2940 F
bbarber@barberlg.com
10

11 CLIFTON WARREN
911 Third Street
12 Santa Cruz, CA 95060

13
    Executed on **August 25, 2008**, at San Jose, California. I declare that I am employed
14
in the office of a member of the bar of this court at whose direction the service was made.
15

16

17                                    DONNA OLSON

18

19

20

21

22

23

24

25

26

27

28