1  Bryan M. Barber (State Bar No. 118001)
   (bbarber@barberlg.com.)
2  BARBER LAW GROUP
   101 California Street, Suite 810
3  San Francisco, California  94111-5802
   Telephone:   (415) 273-2930
4  Facsimile:     (415) 273-2940

5  Attorneys for Plaintiff
   FLUKE ELECTRONICS CORPORATION
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | FLUKE ELECTRONICS CORPORATION, a Washington corporation, | Case No.:  C 08 01188 JW |
|---|---|---|
| 12 |  | **FLUKE ELECTRONICS CORPORATION'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S CROSS-COMPLAINT (RULE 12(b)(6))** |
| 13 | Plaintiff, |  |
| 14 | v. |  |
| 15 | STEPHEN MANGELSEN, a California resident; |  |
| 16 | Defendant. |  |
| 17 | AND RELATED COUNTER-CLAIM. |  |

18

19

20                         **INTRODUCTION**

21      Defendant Stephen Mangelsen's opposition to Fluke Electronics Corporation's motion to

22  dismiss does not address the central point of Fluke's motion.  Fluke's motion to dismiss

23  Mangelsen's cross-complaint can be summarized in a single sentence.  Even if all the factual

24  allegations in Mangelsen's cross-complaint are true, both of the causes of action Mangelsen

25  asserts against Fluke were released in the September 14, 2007 Settlement Agreement.

26                           **ARGUMENT**

27      Mangelsen's first cause of action against Fluke demands an accounting of the

28  disbursement of funds from the $5 million escrow fund that was established under the terms of

1 the merger agreement between Fluke and Raytek Corporation. But no accounting is either
2 necessary or appropriate because the disbursement of the funds in the escrow account was
3 specifically addressed in the Settlement Agreement, and all claims relating to funds in the escrow
4 account were released under the terms of the Settlement Agreement.

5 Mangelsen's cross-complaint refers extensively to the August 22, 2002 Merger
6 Agreement (paragraphs 5, 6, 7, 17, 22 and 23 of the cross-complaint) and the September 14, 2007
7 Settlement Agreement (paragraphs 11, 12, 13, 14, and 15 of the cross-complaint). Although
8 Mangelsen's cross-complaint does not attach copies of the Merger Agreement or the Settlement
9 Agreement, those documents obviously are central to Mangelsen's cross-claims, and the court
10 may properly consider those documents in evaluating the merits of Fluke's motion to dismiss.
11 "A district court ruling on a motion to dismiss may consider documents 'whose contents are
12 alleged in a complaint and whose authenticity no party questions, but which are not physically
13 attached to the [plaintiff's] pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir.
14 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)); *see also Knievel v. ESPN*,
15 393 F.3d 1068, 1076 (9th Cir. 2005). Copies of the Merger Agreement and the Settlement
16 Agreement are attached as Exhibits A and B to the accompanying Declaration of Anna Kathryn
17 Benedict.

18 On August 26, 2002, Mr. Mangelsen signed a document titled "Action By Written
19 Consent of the Shareholders of Raytek Corporation," which specifically authorized the Merger
20 Agreement and Mr. Warren's appointment as the representative of the Common Equityholders of
21 Raytek Corporation. (Declaration of Anna Kathryn Benedict, Ex. C). Although Mangelsen's
22 cross-complaint does not specifically refer to this shareholder consent document, it is directly
23 related to the Merger Agreement referred to in the cross-complaint and may therefore be
24 considered by the court. *Parrino*, 146 F.3d at 706.

25 Mr. Mangelsen is a party to the Settlement Agreement. The opening paragraph of the
26 Settlement Agreement defines the parties to include, "Clifton Warren, individually and as
27 Representative of the former Raytek Common Equityholders." In his cross-complaint,
28 Mangelsen identifies himself as one of the Common Equityholders. Mangelsen's cross-

**FLUKE ELECTRONICS CORPORATION'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S CROSS-COMPLAINT (RULE 12(b)(6))**
Case No. C 08 01188 JW                                                                                              Page 2

complaint also refers to and relies upon the Merger Agreement dated August 22, 2002, between Fluke and Raytek. Section 9.10(a) of the Merger Agreement provides:

> In order to efficiently administer the defense and/or settlement of any claims for indemnity by a Parent Party pursuant to Article 9 hereof, Clifton Warren (the "Representative") is hereby appointed to serve as the representative of the Common Equityholders. The Representative shall have full power and authority to make, on behalf of the Common Equityholders, all decisions relating to the defense and/or settlement of any claims for which any Parent Party may claim to be entitled to indemnity pursuant to Article 9 hereof and otherwise to act on behalf of the Common Equityholders in all respects with respect to this Agreement, including, without limitation, the amendment or termination thereof.
>
> …
>
> All decisions and actions by the Representative shall be binding upon all of the Common Equityholders, and no Common Equityholder shall have the right to object to, dissent from, protest or otherwise contest the same.

(Declaration of Anna Kathryn Benedict, Ex. A).

Pursuant to the authority given to him under the terms of the Merger Agreement, Mr. Warren signed the September 14, 2007 Settlement Agreement "individually and as the former Raytek Common Equityholders' representative." The Settlement Agreement specifically addressed issues pertaining to the Escrow Fund established in August 2002, including the subject of distributions from the Escrow Fund to Fluke. Exhibit A to the Settlement Agreement is a Memorandum of Agreement Directing Disbursement of Escrow Funds and Termination of Escrow Agreement. The Memorandum of Agreement disposes of Mangelsen's cross-claims relating to distributions from the Escrow Fund. It provides:

> Pursuant to a Settlement Agreement executed today, September 14, 2007, the parties have resolved their disputes regarding any and all claims on the Escrow Fund. Pursuant to that Settlement Agreement, the parties have agreed that (i) the entire Escrow Balance immediately shall be disbursed to the Parent, (ii) the Escrow Agreement then terminated, and (iii) the Interest Income accruing and payable on or about October 1 shall be paid at that time to Clifton Warren in the same manner as prior interest payments from the Escrow Fund. Accordingly, pursuant to the terms of the Escrow Agreement, this letter constitutes the written Memorandum of Agreement of Raytop and Warren (as the Securityholder Representatives) and Parent, as required by Section 2(c) of that Escrow Agreement (signed by authorized

representatives identified in Schedule 1 of the Escrow Agreement), directing the Escrow Agent to transmit the Escrow Balance to Parent and the Interest Income to Clifton Warren. The parties also request that, pursuant to Section 17 of the Escrow Agreement, upon the disbursement of funds to Parent requested herein, the Escrow Agreement be terminated.

(Declaration of Anna Kathryn Benedict, Ex. B). This agreement, which specifically addresses the Escrow Fund, completely negates Mangelsen's demand for an accounting as well as his allegation that he was entitled to receive disbursements from the Escrow Fund for which Fluke is somehow responsible.

The second cause of action in Mangelsen's cross-complaint alleges breach of contract against Fluke based upon Fluke's alleged failure to consent to release monies set aside in the Escrow Fund to the Common Equityholders. Like Mangelsen's first cause of action, this claim also was fully resolved under the terms of the Settlement Agreement. Section 1(a) of the Settlement Agreement provides, "The Parties shall cause the Escrow Funds to be released *in full* to Fluke promptly upon the full execution of this Agreement." (Emphasis added). Exhibit A to the Settlement Agreement provides that "the parties have resolved their disputes regarding *any and all* claims on the Escrow Fund." (Emphasis added). Mangelsen's demand for an accounting of disbursements from the Escrow Fund and his breach of contract claim based on Fluke's alleged failure to distribute monies from the Escrow Fund to Common Equityholders clearly are extinguished by the Settlement Agreement. Mr. Mangelsen's cross-claims against Fluke should, therefore, be dismissed.

Only the first two causes of action in Mangelsen's cross-complaint are directed at Fluke. The Settlement Agreement unambiguously resolves the claims asserted in those two causes of action. The remaining causes of action in the cross-complaint are directed at Clifton Warren, not Fluke. Mr. Warren has filed a motion to compel arbitration of those claims.

## CONCLUSION

Both of Mangelsen's cross-claims against Fluke relate to the Escrow Fund and disbursements from the Escrow Fund. All claims involving the Escrow Fund were resolved in the September 14, 2007 Settlement Agreement. Fluke respectfully requests that the first and

second causes of action in Mangelsen's cross-complaint be dismissed because they do not state a claim upon which relief may be granted in light of the Settlement Agreement.

DATED: September 2, 2008         Respectfully submitted,

                                 BARBER LAW GROUP


                                 _____/s/ Bryan M. Barber_____
                                 Bryan M. Barber
                                 Attorney for Plaintiff
                                 FLUKE ELECTRONICS CORPORATION

2023459

**FLUKE ELECTRONICS CORPORATION'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S CROSS-COMPLAINT (RULE 12(b)(6))**
Case No. C 08 01188 JW                                              Page 5