DONN WASLIF, ESQ. [State Bar No. 164538]
GRETCHEN E. BIRKHEIMER, ESQ. [State Bar No. 222184]
MORGAN, FRANICH, FREDKIN & MARSH
99 Almaden Boulevard, Suite 1000
San Jose, California 95113-1613
Telephone:(408) 288-8288
Facsimile: (408) 288-8325

Attorneys for Defendant and Counter-Claimant
STEPHEN MANGELSEN



IT IS SO ORDERED AS MODIFIED
Judge James Ware

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUKE ELECTRONICS CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN MANGELSEN, a California resident,<br><br>Defendant.<br><br>AND RELATED COUNTER CLAIM. | NO. C0-8-01188 JW<br><br>**ORDER GRANTING MOTION TO EXTEND DISCOVERY DEADLINE**<br><br>Hearing Date: November 10, 2008<br>Time: 9:00 a.m.<br>Dept.: 8, Fourth Floor<br><br>Judge: Hon. James Ware<br><br>Trial date: None set |

**TO FLUKE ELECTRONICS CORPORATION, CLIFTON WARREN, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 10, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard, in Department 8 of the above-encaptioned court, located at at 280 North First Street, San Jose, California, 95113, Defendant STEPHEN MANGELSEN will move for an order revising the Case Schedule in this action to extend the close of discovery to January 20, 2009.

This motion is based on Federal Rules of Civil Procedure, Rule 16(b)(4) and is made on the grounds that the October 20, 2008 close of discovery set forth in the existing Case Schedule will provide the parties with insufficient time to conduct discovery as to Cross-

Defendant CLIFTON WARREN, who has not yet generally appeared in the case, as well as Plaintiff/Cross-Defendant FLUKE ELECTRONICS CORPORATION.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Donn Waslif filed herewith, the Request for Judicial Notice filed herewith, and on such other oral and documentary evidence to be presented at the hearing.

Dated: October 1, 2008               MORGAN, FRANICH, FREDKIN & MARSH

                                     By _____
                                        DONN WASLIF
                                        Attorneys for Defendant and Counter-Claimant
                                        STEPHEN MANGELSEN

**POINTS AND AUTHORITIES**

Defendant STEPHEN MANGELSEN moves for an Order amending the existing case schedule to continue the close of discovery to a date no earlier than January 20, 2009, as follows:

## I.   INTRODUCTION

The close of discovery in this action is presently set for October 20, 2008. A Counter-Claim filed in July, 2008 named as a Cross-Defendant Clifton Warren. Cross-Defendant Warren has not answered the Counter-Claim, instead filing a Motion to Compel Arbitration which is set for hearing on November 3, 2008. Warren has refused to appear for deposition or participate in Mangelsen's deposition until his motion is heard. Under the existing discovery cutoff, this renders the parties unable to conduct meaningful discovery as to Warren.

Warren's participation goes straight to the issues at the heart of this case. Fluke appears to be alleging that Warren had the authority to commit Mangelsen to a binding settlement with Fluke. However, Mangelsen alleges that Warren did not have such authority and did not notify Mangelsen that Warren was proposing to settle the arbitration on Mangelsen's behalf. Warren's counsel has taken the position that it did not represent Mangelsen in the arbitration from which the alleged settlement arose. Clearly, information about Warren's role in the

arbitration and settlement, how (and whether) he purported to act for Mangelsen, and what he communicated to Mangelsen, is key to both Fluke's claims and Mangelsen's defenses.

Further, Mangelsen has been unable to complete discovery as to Fluke due to Fluke's belated production of 18,000 pages of documents to Mangelsen in late September, 2008. Fluke's deposition had to be moved back to allow Mangelsen reasonable time to review those documents prior to deposing Fluke. The parties are presently meeting and conferring as to a new deposition date.

Accordingly, Mangelsen requests that the discovery cutoff be reset to a date no earlier than January 20, 2009.

## II.   STATEMENT OF FACTS

### A.   The Nature of the Dispute

Fluke filed this action in February, 2008, demanding that Mangelsen pay Fluke $388,000 which Fluke contends Mangelsen owes pursuant to a Settlement Agreement between Fluke, Warren, and various third parties. It appears to be Fluke's allegation that Warren had purported to act as Mangelsen's agent in committing Mangelsen to pay Fluke the $388,000.

The dispute that gave rise to the settlement arose out of Fluke's merger with Raytek, a company in which both Mangelsen and Warren were equity holders. When Fluke merged with Raytek, certain patent infringement claims were pending against Raytek. The written Merger Agreement set aside $5,000,000 of the consideration paid to the equity holders to defray Fluke's potential losses in the infringement actions. The Merger Agreement also appointed Warren as the representative of Mangelsen and the other Raytek equity holders relating to the defense of the infringement case.

Fluke allegedly settled the infringement cases in 2004 and 2005 and claims to have incurred losses of $23.6 million in connection therewith. Fluke claims that Warren, Mangelsen and others were obligated under the Merger Agreement to reimburse Fluke for this entire sum. Fluke filed a petition for arbitration naming Warren, Mangelsen and the other equity holders.

Fluke claims that the arbitration was settled and that Mangelsen's share of the

settlement is $388,000. Mangelsen contends that Warren did not have authority to bind Mangelsen to payment of any amount in settlement of the arbitration and that Fluke's claim is therefore without basis.

### B.     Procedural Posture

Mangelsen was served with Fluke's Complaint on March 17, 2008. (Waslif Dec. ¶2) In April, Mangelsen filed a Motion for More Definite Statement and Motion to Strike Fluke's Second Cause of Action, which was set for hearing on May 13, 2008. (Waslif Dec. ¶3) The basis for the motion was that Fluke's claim for breach of contract relied solely upon the Settlement Agreement, which Mangelsen was not a party to, and did not allege any facts which would give rise to Warren's authority to commit Mangelsen to the $388,000 payment to Fluke contemplated by the Settlement Agreement. (Id.) After the motion was filed, Fluke initiated additional meet and confer, and Mangelsen withdrew the motion without prejudice, in the anticipation that it would be mooted by Fluke's amendment of the Complaint. (Waslif Dec. ¶4) Fluke ultimately declined to amend the Complaint and the motion was re-filed on April 29, 2008 and set for hearing on June 9, 2008. (Id.) The Court subsequently continued the hearing date to June 23, 2008. (Id.) On June 19, 2008, the Court denied the motion and continued the Case Management Conference to July 9, 2008. (Id.)

On June 30, 2008, Mangelsen submitted a Case Management Statement stating that the form of the Complaint was not settled and that Mangelsen intended to file a cross-claim bringing in third parties (i.e., Warren). (Waslif Dec. ¶5)  In that Statement, Mangelsen requested a discovery cutoff in January, 2009. (Id.)  On July 3, 2008, the Court entered a Scheduling Order setting the close of discovery on October 20, 2008. (Waslif Dec. ¶6)

On July 8, 2008, Mangelsen filed his Answer to Fluke's Complaint and filed a Counter-Claim against Fluke and Warren, alleging that Warren did not have authority to commit Mangelsen to the Settlement Agreement. (Waslif Dec. ¶7)

Warren was personally served with the Counter-Claim on August 5, 2008. (Waslif Dec. ¶7) On August 26, 2008, Warren filed a Motion to Compel Arbitration, which will not be heard until November 3, 2008. (Waslif Dec. ¶8)

**C. Outstanding Discovery**

On August 26, 2008, Mangelsen propounded a Request for Production of Documents, Special Interrogatories, and a Notice of Taking Deposition to Warren. (Waslif Dec. ¶9) Warren has refused to appear for deposition until after his Motion to Compel Arbitration is heard on November 3, 2008, three weeks after the close of discovery. (Id.)

On July 24, 2008, Mangelsen served a Request for Inspection of documents to Fluke. (Waslif Dec. ¶10) On August 19, 2008, Mangelsen noticed the deposition of Fluke's Person Most Knowledgeable to take place on October 1 and 2, 2008. (Waslif Dec. ¶11) Fluke made a partial document production on August 28, 2008, and then on September 16, 2008, produced an additional 18,000 pages of documents. (Waslif Dec. ¶12) At that time Fluke represented that additional documents exist which have not yet been produced. (Waslif Dec. ¶12; Exh. A)

**D. Meet and Confer**

Due to the appearance of Warren in the action and the outstanding discovery issues, Mangelsen requested that Fluke stipulate to amending the Scheduling Order to continue the discovery cutoff date. (Waslif Dec. ¶17) Fluke has refused to so stipulate. (Id.)

**III. ARGUMENT**

**A. Pretrial Scheduling Orders May Be Amended for "Good Cause"**

Case scheduling orders are governed by Federal Rules of Civil Procedure, Rule 16. Amendments to existing scheduling orders are governed by Rule 16(b), which provides that "A schedule may be modified only for good cause and with the judge's consent."

Scheduling "[o]rders entered before the final pretrial conference may be modified upon a showing of 'good cause.'" *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. Cal. 1992). The district court has "considerable discretion" to amend its own scheduling orders. *United States v. Charles George Trucking*, 34 F.3d 1081, 1090 (1st Cir. Mass. 1994)

The "good cause" standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson, supra*, 975 F.2d at 609.

///

### B.   Good Cause Exists To Amend the Existing Scheduling Order

When the July 3, 2008 Scheduling Order was issued, the state of the pleadings had not yet been fixed and Warren was less than a week away from being named as a Cross-Defendant.

Although Fluke maintains that Warren has nothing to do with Fluke's claim against Mangelsen, Fluke's claim against Mangelsen is based on the premise that Warren had the authority to commit Mangelsen to a binding settlement with Fluke. It is undisputed that Mangelsen did not know about the settlement terms until they had become a *fait accompli*, and has never ratified or approved the settlement or Warren's authority to bind Mangelsen in the settlement. Warren's counsel maintains that it did not represent Mangelsen in the settlement and has withheld documents under subpoena on the basis that there was no attorney-client privilege between them and Mangelsen. (Waslif Dec. ¶13; Exh. B). Warren's agency or lack thereof is at the very core of Fluke's claims against Mangelsen, and Mangelsen's cross-claim against Warren for indemnity and breach of fiduciary duty arises directly from Fluke's claim. Thus, obtaining discovery from Warren, including documents in his possession, and deposing him as to his contentions and knowledge when he executed the Settlement Agreement which Fluke now seeks to enforce, is a critical part of Mangelsen's defense to Fluke's claims.

Since receiving the Complaint, Mangelsen has worked diligently to ensure the proper state of the pleadings and to obtain discovery from both Fluke and Warren. The procedural history set forth above demonstrates that Mangelsen moved promptly for a more definite statement as to the Complaint, withdrew that motion in good faith when Fluke appeared likely to amend the Complaint, and promptly re-noticed the motion for the first available hearing date when Fluke refused to do so. That motion was brought in an attempt to clarify one of the key issues of the case, i.e., what Fluke was relying on in bringing a claim for breach of contract against a person who was not a party to that contract and did not execute or ratify that contract. The Complaint cited to the Settlement Agreement, which Mangelsen did not sign or ratify, and omitted reference to the Merger Agreement which purports to fix Warren's authority to bind Mangelsen and the other Raytek equity holders. When that motion was denied, Mangelsen

NOTICE OF MOTION AND MOTION TO REVISE CASE
SCHEDULE; POINTS AND AUTHORITIES IN SUPPORT                6

1  filed his Answer and Counter-Claim, identifying Warren as a Cross-Defendant. Mangelsen
2  served written discovery and a deposition notice as soon as permitted by the Rules after
3  Warren was personally served with the Counter-Claim.

4      Because of the crucial nature of Warren's involvement in Fluke's claims and
5  Mangelsen's defenses, Mangelsen opposes Warren's Motion to Compel Arbitration. If
6  Warren's motion is denied, Warren will be generally appearing in this action, filing an Answer
7  to the Counter-Claim and any counter-claims of his own, and will be subject to written
8  discovery and deposition. Mangelsen expects that Warren will also notice Mangelsen's
9  deposition, which has already been noticed by Fluke (which Warren has refused to participate
10 in) and which is the subject of Mangelsen's concurrent Motion for Protective Order filed with
11 the Discovery department in this action. Warren's Answer would be due in late November and
12 his discovery responses due in early December. Given the difficulty of scheduling depositions
13 during the end of the year holidays, Mangelsen estimates that a January, 2009 discovery cutoff
14 would permit the parties to complete the necessary discovery and would not significantly delay
15 the progress of this suit.

16     Mangelsen has demonstrated the diligence required by Rule 16. Despite that diligence,
17 the parties will be unable to complete discovery by the existing discovery cutoff of October
18 20, 2008. Accordingly, Mangelsen respectfully requests that the Court grant this motion and
19 recalendar the discovery cutoff to a date no earlier than January 20, 2009.

20     **C.    In Addition, Continuing The Discovery Cutoff May Be Necessary To Allow**
21            **Completion Of Fluke's and Mangelsen's Depositions**

22     As set forth above, the deposition of Fluke's "Person Most Knowledgeable" has been
23 continued due to Fluke's belated production of several thousand pages of documents the week
24 before the deposition was set. As of the date of filing this motion, the parties are continuing
25 to meet and confer as to a new date for Fluke's deposition, but given counsels' existing
26 schedules it may not be possible to complete the deposition prior to the October 20, 2008
27 cutoff. Fluke has represented that additional responsive documents may exist, which have not
28 been produced.

---

NOTICE OF MOTION AND MOTION TO REVISE CASE
SCHEDULE; POINTS AND AUTHORITIES IN SUPPORT       7

Mangelsen's deposition is the subject of a separate Motion for Protective Order. Fluke noticed Mangelsen's deposition after Mangelsen's filing of the Counter-Claim naming Warren as a Counter-Defendant. (Waslif Dec. ¶14) Mangelsen agreed to appear for deposition only if Warren participated in that deposition, to avoid having to appear for deposition twice. (Id.) Warren refused to participate in the Fluke-noticed deposition and Mangelsen anticipates that if Warren's Motion to Compel Arbitration is denied, Warren will also notice Mangelsen's deposition. (Waslif Dec. ¶15) Fluke has refused to continue Mangelsen's deposition to after the November 3, 2008 hearing date on Warren's motion. (Waslif Dec. ¶16) Amending the Scheduling Order to extend the discovery cutoff would alleviate the pressure on Fluke's counsel to complete Mangelsen's deposition and would protect Mangelsen from the unnecessary burden of appearing for two depositions in the same case on the same issues.

## IV.  CONCLUSION

For all of the foregoing reasons, Mangelsen respectfully requests that his motion be granted and the Scheduling Order be amended to continue the close of discovery to January 20, 2009.

Dated: October 1, 2008            MORGAN, FRANICH, FREDKIN & MARSH

By _____
DONN WASLIF
Attorneys for Defendant and Counter-Claimant,
STEPHEN MANGELSEN

*** ORDER ***

For good cause shown and for the reasons stated at the October 17, 2008 Case Management Conference, the Court amends the Scheduling Order and extends the close of all discovery from October 20, 2008 to **January 20, 2009**. With respect to whether discovery should be limited to the issues raised by the parties anticipated motions for summary judgment, the Court refers the parties to the assigned Magistrate Judge to resolve all discovery disputes.
This Order supercedes the Court's October 17, 2008 Order Following Case Management Conference re: discovery deadline.
Dated: October 22, 2008

_____
JAMES WARE
United States District Judge